UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

SECURITY NETWORKS, LLC,

    Plaintiff,

v.

ALARM ONE, INC. AND PETER MALTBY,

    Defendant.

Civil Action No. **0 7 - 3 7 1**

## NOTICE OF REMOVAL

Defendant, Alarm One, Inc. (hereinafter "Alarm One"), files this Notice of Removal of the civil action filed against it by plaintiff, Security Networks, LLC (hereinafter "Security Networks"), to the United States District Court for the District of Delaware, pursuant to the provisions of 28 U.S.C. §§ 1441, 1446, and 1332, on the basis of the following facts that show this case is properly removable:

1.     Plaintiff filed a complaint (the "Complaint") against defendant in the Court of Chancery of the State of Delaware in New Castle County on May 4, 2007.

2.     The case is styled *Security Networking v. Alarm One, Inc. and Peter Maltby*, Court of Chancery, Civil Action No. 2939 – MG.

3.     On May 23, 2007, the Complaint was served upon Alarm One.

4.     The time within which Defendant Alarm One is required by the laws of the United States, 28 U.S.C. § 1446(b), to file this Notice of Removal has not yet expired.

5.     Upon information and belief, the plaintiff, Security Networks, is a Florida limited liability company with a principal place of business at 3223 Commerce Place, Suite 101 West Palm Beach, Florida, 33407-1917.

2007 JUN 11 PM 3:23
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DM3\523661.2

6. Defendant Alarm One is an Illinois corporation with a principal place of business at 500 North State College, Suite 1100, Orange, California 92868.

7. This action may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states with an amount in controversy exceeding $75,000, exclusive of interest and costs. Specifically, according to the complaint, the plaintiff seeks a purchase price adjustment in the amount of $1,133,042, Benchmark Partners' fees and costs in the amount of $15,600, plus court costs and interest, a total in excess of one million dollars ($1,000,000).

8. Venue is proper pursuant to 28 U.S.C. § 1446(a), because this Court is the United States District Court for the district and division embracing the place wherein the state court action is pending.

9. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Civil Division of the Court of Chancery of the State of Delaware in New Castle County and served upon plaintiff.

10. A copy of the Complaint, together with copies of all process, pleadings and orders served upon Defendant are attached at Exhibit A, in accordance with 28 U.S.C. § 1446(a).

Dated: June 11, 2007

Respectfully submitted,
ALARM ONE, INC.

By its attorneys,

*[signature]*

Michael R. Lastowski (DE 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:   (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:        mlastowski@duanemorris.com

-and-

Edward J. Naughton (BBO #600059)
Geraldine Aine (BBO #665578)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone:   (617) 523-2700
E-mail:        edward.naughton@hklaw.com
                 geraldine.aine@hklaw.com

# Exhibit A

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SECURITY NETWORKS, LLC, | : | |
| Plaintiff, | : | C.A. No. 07-371 |
| v. | : | |
| ALARM ONE, INC. and PETER MALTBY, | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT

Plaintiff Security Networks, LLC ("Plaintiff"), by and through its undersigned attorneys, brings this action pursuant to 10 Del.C. § 5713 to confirm an arbitration award in its favor and against Alarm One, Inc. and Peter Maltby. Plaintiff states the following in support of its claims:

1. The parties entered an asset purchase agreement (the "APA") on or about December 23, 2005. A copy of the APA is attached as Exhibit A. Defendant Peter Maltby personally guaranteed all of Defendant Alarm One, Inc.'s obligations arising under the APA. See agreement attached as Exhibit B.

2. The APA provides that the parties must arbitrate all disputes arising out of their transaction. Disputes concerning purchase price adjustments must be arbitrated before an explicitly identified independent arbiter, Benchmark Partners. See APA at § 2.1(d). Other disputes would be arbitrated in conjunction with the American Arbitration Association (the "AAA"). See APA at § 8.3. Arbitration under § 8.3 must take place in Wilmington, Delaware, which the parties agreed to be "the most convenient forum for both parties." *Id.* In addition, the APA is governed by Delaware law. *Id.* at § 8.6.

3. On August 17, 2006, Plaintiff initiated arbitration proceedings before the AAA. The parties later agreed to arbitrate a portion of those claims before Benchmark Partners. The APA provides that any purchase price adjustment amounts not in dispute must be paid before the Benchmark Partners arbitration or, in any event, in advance of the parties' receipt of Benchmark Partners' final determination. *Id.* at § 2.1(d). That requirement is of material import because the APA also provides that Benchmark Partners' fees and costs are allocated to the parties in proportion to their respective degrees of success in the proceedings before Benchmark Partners. By way of illustration, the APA states, "For example, if Seller's determination differs by $20,000 from the Independent Arbiter's determination, but Buyer's determination only differs by $5,000, Seller will bear 20/25 of such fees and costs and Buyer will bear 5/25 of such fees and costs." *Id.* at § 2.1(d).

4. Though Defendants admitted to Benchmark Partners that Alarm One cannot dispute that it owes Plaintiff $785,627.82 in purchase price adjustments, it still, in contravention of § 2.1(d) of the APA, has not made any such payment to Plaintiff. Plaintiff contended in the Benchmark Partners arbitration that it is entitled to purchase price adjustments in the amount of $1,419,285.00 from Alarm One. On April 30, 2007, Benchmark Partners entered its final determination (the "Determination"), a copy of which is attached as Exhibit C. The Determination awards Plaintiff $1,133,042.00.

5. Benchmark Partners' total fees and costs amount to $19,500.00. See invoice attached as Exhibit D. Since Defendants made none of the payments it admitted to owing to Plaintiff in purchase price adjustments in advance of Benchmark Partners' final determination and instead forced Security Networks to commence arbitration proceedings and incur the expense of proving all the amounts owed to it, Alarm One should be assigned no credit for its

belated admission to owing Plaintiff a substantial sum in purchase price adjustments for the purposes of allocating responsibility for Benchmark Partners' fees and costs. According to the method of calculation required by the APA, therefore, Defendants are responsible for $15,600.00 of Benchmark Partners' fees and costs in this action pursuant to 10 Del. C. § 5712.

6. In the alternative, Plaintiff requests that the Court allocate responsibility for Benchmark Partners' fees and costs in a manner reflecting the parties' eventual positions in the Benchmark Partners proceedings as follows:

| | |
|---|---:|
| Plaintiffs' determination of the purchase price adjustment: | $ 1,419,285.00 |
| Defendants' determination of the purchase price adjustment: | 785,627.82 |
| Final determination: | 1,133,042.00 |
| Plaintiff's share of Benchmark Partners' fees and costs: | 8,775.00 |
| Defendants' share of Benchmark Partners' fees and costs: | 10,725.00 |

WHEREFORE, Plaintiff respectfully requests that the Court confirm the arbitration award in favor of the Plaintiff in the sum of $1,133,042.00, plus $15,600.00 representing Benchmark Partners' fees and costs, plus court costs and interest from entry of judgment at the legal rate of interest and such other relief as the Court deems equitable and appropriate.

REED SMITH LLP

By: /s/ David E. Wilks
David E. Wilks (I.D. No. 2793)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7560
Facsimile: (302) 778-7575
E-mail: dwilks@reedsmith.com

Attorneys for Plaintiff
Security Networks, LLC

Dated: May 3, 2007



## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

SECURITY NETWORKS, LLC
    Plaintiff(s)
        V
ALARM ONE, INC., AND PETER MALTBY
    Defendant(s)

CA #: 2939-MG

SUMMONS

THE STATE OF DELAWARE
TO:   SPECIAL PROCESS SERVER

**YOU ARE COMMANDED:**

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon DAVID E. WILKS, Plaintiff's attorney whose address is 1201 N. MARKET ST. SUITE 1500 WILMINGTON, DE 19801-1163 an answer to the complaint.

To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated MAY 4, 2007

*Patricia B. Randolph*
Register in Chancery

Case # 2939-MG

SECURITY NETWORKS, LLC

Plaintiff(s)

V

ALARM ONE, INC., ET AL

Defendant(s)

## SUMMONS

SERVICE TO BE COMPLETED
BY SPECIAL PROCESS SERVER

1. ALARM ONE, INC.
   1601 E. Orangewood Ave.
   Anaheim, CA 92805

2. PETER MALTBY
   1601 E. Orangewood Ave.
   Anaheim, CA 92805

Plaintiff's Attorney: DAVID E. WILKS, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon to David E. Wilks, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801, by first-class mail, postage pre-paid, this 11th day of June:

_____
Michael R. Lastowski (DE 3892)

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.

**(a) PLAINTIFFS**
Security Networks, LLC

**DEFENDANTS**
Alarm One, Inc. and Peter Maltby

**(b)** County of Residence of First Listed Plaintiff  New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David E. Wilks, Reed Smith LLP, 1201 Market St., Suite 1500, Wilmington, Delaware 19801 (302) 778-7560

Attorneys (If Known)
Michael R. Lastowski (I.D. No. 3890), Duane Morris, LLP, 1100 North Market St., Wilmington, Delaware 19801 (302) 657-4942

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC/Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | 900 Appeal of Fee Determination Under Equal Access to Justice Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS–Third party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Conditions | | | 3890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. (Do not cite jurisdictional statutes unless diversity.) 28 U.S.C. § 1332

Suit alleges sales of motor fuels at unfair prices and related claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1,133,042.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY   N/A
(See Instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: June 11, 2007
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

2007 JUN 11 PH
FILED
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# 4598913_v1

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 JUN 11  PM 3:25

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.  **07-371**

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_6/11/07_
(Date forms issued)

x _Daniel Lennon_
(Signature of Party or their Representative)

x _Daniel Lennon_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action