UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ALARM ONE, INC., and PETER MALTBY,<br><br>    Defendants. | Civil No. 1:07-cv-00371 (***) |

**MEMORANDUM IN SUPPORT OF MOTION OF PETER MALTBY
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**Respectfully submitted,**

Francis A. Monaco (#2078)
Kevin J. Mangan (#3810)
**MONZACK &MONACO, PA**
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

-and-

Jerome Romero (USB #5139)
Troy J. Aramburu (USB #10444)
Jones, Waldo, Holbrook, & McDonough, P.C.
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

**Date: June 28, 2007**

**Table of Content**

TABLE OF AUTHORITIES..................................................................ii

I.   INTRODUCTION.................................................................. 1

II.  FACTUAL BACKGROUND................................................... 2

III. ARGUMENT.......................................................................... 3

   A.  The Delaware Long-Arm Statue Does Not Reach Maltby.......... 4

   B.  The Assertion of Personal Jurisdiction over Maltby Violates Due Process............................................................................... 5

IV.  CONCLUSION...................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

Blue Ball Prop., Inc. v. McClain, 658 F.Supp. 1310, (D. Del. 1987) ............................................ 4

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). ................................................................ 8

Gehling v. St. George's School of Med., Ltd., 773 F.2d 539 (3d Cir. 1985) ................................ 7

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984) .................................. 6

In re Matter Nat'l Heritage Life Ins. Co., 656 A.2d 252 (Del. Ch. 1994) .................................... 9

LaNuova D&B, S.p.A. v. Bowe Co., 513 A.2d 764 (Del. 1986) ................................................... 4

Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d
    Cir. 1987) ............................................................................................................................... 7

Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75
    F.3d 147 (3d Cir. 1995); ........................................................................................................ 8

Werner v. Miller Tech. Mgmt., L.P., 831 A.2d 318 (Del. 2003) .................................................... 8

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ............................................... 6

**STATUTES**

10 Del. C. § 3104(c) ...................................................................................................................... 6

**RULES**

APA § 2.1(d) .................................................................................................................................. 3

Fed. R. Civ. P. 12(b)(2) ................................................................................................................. 4

Defendant Peter Maltby ("**Maltby**") by and through his counsel, Monzack and Monaco, P.A., hereby files this memorandum in support of his *Motion to Dismiss for Lack of Personal Jurisdiction* (the "**Motion**").

I. **INTRODUCTION**

Maltby seeks a dismissal of Security Networks, LLC's ("**Security Networks**") claims against him in the above-captioned matter. In its *Verified Complaint*, Security Networks' asserts claims against Maltby resulting from a transaction where Security Networks purchased assets from Alarm One, Inc. ("**Alarm One**"). Security Networks alleges that Maltby personally guaranteed certain Alarm One obligations related to the transaction. The transaction had no connection whatsoever with Delaware. At the time of the transaction, Maltby was President and CEO of Alarm One, and he resided in California. Maltby now resides in Utah. Maltby has no contacts with Delaware sufficient for this Court to exercise jurisdiction over him without violating the Due Process Clause of the Fourteenth Amendment. Accordingly, Maltby requests that the Court dismiss the *Verified Complaint*.

II. **FACTUAL BACKGROUND**

1. On May 3, 2007, Security Networks filed its *Verified Complaint* against Alarm One and Maltby. Security Networks seeks a judgment against Maltby as an alleged guarantor of certain Alarm One obligations under the *Asset Purchase Agreement* by and between Alarm One and Security Networks (the "**APA**"). Pursuant to the APA, Alarm One agreed to sell certain assets to Security Networks. See APA, attached as Exhibit A to *Verified Complaint*.

2. The *Verified Complaint* fails to allege that Maltby is subject to the jurisdiction of Delaware courts. Instead, Security Networks states that the APA is governed by Delaware law, and that the parties to the APA agreed that the arbitration of some disputes, although importantly

2

not the disputes underlying the *Verified Complaint*, would take place in Delaware.

3.  The APA contains the procedure for resolving disputes between the parties related to the calculation of the final purchase price of the assets sold to Security Networks. See APA § 2.1(d). Specifically, the parties agreed to engage Benchmark Partners ("**Benchmark**") as an independent arbiter to resolve any dispute as to the final purchase price. Id.

4.  Benchmark is a consulting firm with offices located in Connecticut. See *Declaration of Douglas R. Schultz* ("**Schultz Decl.**") ¶ 7.

5.  After entering into the APA, the parties disputed the final purchase price calculation and submitted such dispute to Benchmark pursuant to the terms of the APA. The arbitration of this dispute took place outside of Delaware. See *Declaration of Peter Maltby* ("**Maltby Decl.**") ¶ 15.

6.  Maltby does not reside, nor has he ever resided, in Delaware. He does not have a mailing address, post office box or telephone number in Delaware. See Maltby Decl. ¶ 6.

7.  Maltby does not own any assets located in Delaware. See Maltby Decl. ¶ 7.

8.  Maltby does not have an interest in, use or possess real property located in Delaware. See Maltby Decl. ¶ 8.

9.  Maltby has no bank accounts in Delaware. See Maltby Decl. ¶ 9.

10. Maltby has not contracted to supply services in Delaware, nor does Maltby transact business of any kind in Delaware. See Maltby Decl. ¶ 10.

11. Maltby has not caused any tortious injury in Delaware. See Maltby Decl. ¶ 11.

12. The only relevant connection to Delaware in this matter is that the APA contains a Delaware choice of law provision. In every other respect relevant to this action, the APA is unconnected with Delaware. The APA was negotiated by non-Delaware parties located in Florida and California. Maltby never appeared in Delaware to negotiate or execute the APA.

The APA concerns the sale of assets located in Illinois, and the APA was performed entirely outside of Delaware. See Schultz Decl. ¶ 21; Maltby Decl. ¶¶ 13-14.

### III. ARGUMENT

The Verified Complaint should be dismissed as to Maltby because this Court lacks personal jurisdiction over him. See Fed. R. Civ. P. 12(b)(2). Security Networks bears the burden of demonstrating that Maltby is subject to jurisdiction in Delaware. Blue Ball Prop., Inc. v. McClain, 658 F.Supp. 1310, 1314 (D. Del. 1987). Security Networks has not met this burden in the allegations raised in the *Verified Complaint*, nor can it meet this burden at any evidentiary hearing on the Motion.

Delaware courts conduct a two-step analysis to determine whether to dismiss for lack of personal jurisdiction. Blue Ball Prop., 658 F.Supp. at 1315; LaNuova D&B, S.p.A. v. Bowe Co., 513 A.2d 764, 768 (Del. 1986). First, a court determines whether the non-resident defendant's conduct comes within one of the provisions of Delaware's long-arm statute. Blue Ball Prop., 658 F.Supp. at 1315. Second, "[i]f the conduct is within the statute, then the court must proceed to consider whether the exercise of jurisdiction over a particular defendant violates due process interests." Id.

Here, Security Networks cannot prove any facts showing that jurisdiction over Maltby is authorized under Delaware's long-arm statute. Moreover, Security Networks cannot show that the exercise of jurisdiction over Maltby satisfies due process interests. Accordingly, the *Verified Complaint* must be dismissed.

### A. The Delaware Long-Arm Statue Does Not Reach Maltby.

The *Verified Complaint* fails to assert this Court's jurisdiction over Maltby, whether under the Delaware long-arm statute or otherwise. In any event, Security Networks could not truthfully make such an assertion of this Court's personal jurisdiction over Maltby. The long-

4

arm statute authorizes jurisdiction over a non-resident who "in person or through an agent:"

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104(c). Maltby has done none of these things, and thus the long-arm statute does not vest jurisdiction over Maltby in this Court or any other Delaware court. Accordingly, the *Verified Complaint* should be dismissed.

B.   **The Assertion of Personal Jurisdiction over Maltby Violates Due Process.**

Even if Security Networks somehow could show that this Court has jurisdiction over Maltby under the Delaware long-arm statute — and it could not — the Court's exercise of personal jurisdiction over Maltby, an out-of-state defendant, is limited by the Due Process Clause of the Fourteenth Amendment. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984). "[A] state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State" so "that maintenance of the suit does not offend traditional notions of fair play and substantial justice" because the defendant could reasonably have anticipated being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980) (internal quotations omitted).

Security Networks must establish either that the claims in the *Verified Complaint* arose from Maltby's activities within Delaware ("specific jurisdiction") or that Maltby has "continuous and systematic" contacts with Delaware ("general jurisdiction"). See Helicopteros, 466 U.S. at 414-15 n. 8 and 9 (1984); Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987). Here, Security Networks cannot show any facts that would permit either general or specific jurisdiction over Maltby in Delaware.

1.   **Maltby has not engaged in any conduct in Delaware.**

Security Networks must show significantly more than mere "minimum contacts" to establish this Court's general jurisdiction over Maltby. Maltby is subject to general jurisdiction in Delaware only if he has purposefully engaged in "systematic and continuous activities" in the state. See, e.g., Helicopteros, 466 U.S. at 414-16 (defendant's travel to Texas to negotiate contract, acceptance of checks drawn on Texas bank, purchase of 80% of its helicopters from

6

Texas company, and hiring of plaintiffs' decedents in Texas held insufficient to establish general jurisdiction in Texas); Provident Nat'l Bank, 819 F.2d at 437; Gehling v. St. George's School of Med., Ltd., 773 F.2d 539, 541 (3d Cir. 1985) ("[T]he plaintiff must demonstrate . . . the defendant has maintained continuous and substantial forum affiliations.") (internal quotations omitted).

Security Networks cannot establish that Maltby is subject to general jurisdiction in Delaware. Not only does Maltby not have any substantial, continuous, and centrally important connection to Delaware, but he literally has *no* connection here.

### 2. Maltby is not subject to specific jurisdiction in Delaware.

Security Networks may believe that the APA somehow establishes specific jurisdiction in Delaware over Maltby for the claims in the *Verified Complaint*. This argument fails on the facts of this case.

To establish specific jurisdiction, Security Networks must first demonstrate that its claims against Maltby arise from Maltby's activities within Delaware. Provident Nat'l Bank, 819 F.2d at 437. For example, Security Networks must show that Maltby intentionally directed his activities concerning the APA toward Delaware, purposefully availing himself of the privilege of conducting business in this state, so that Maltby can be said to have had "minimum contacts" with Delaware. Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir. 1995); Werner v. Miller Tech. Mgmt., L.P., 831 A.2d 318, 330 (Del. 2003). Even if Security Networks proves that Maltby has had such "minimum contacts," Security Networks would then need to show that this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); Gehling, 773 F.2d at 541.

Security Networks' claims against Maltby do not arise out of any in-state activities by

7

Maltby, but rather from Maltby's alleged guaranty under the APA, an agreement by non-residents wholly negotiated and performed outside of Delaware. The APA would not be enough to create jurisdiction over Maltby even if Security Networks were a resident of Delaware. "A non-resident's entering into a contract with a domicile of the forum Sate has been held insufficient, in and of itself, to permit the exercise of personal jurisdiction" over the defendant. In re Matter Nat'l Heritage Life Ins. Co., 656 A.2d 252, 256 (Del. Ch. 1994) (citing Burger King Corp., 471 U.S. at 479-80); Vetrotex, 75 F.3d at 151. Here, Security Networks is not even a resident of Delaware, leaving no party with the requisite contacts with this jurisdiction.

Security Networks implies that the Delaware choice of law provision in the APA somehow confers specific jurisdiction over Maltby. This argument fails. It is well-settled that such a provision does not by itself create jurisdiction. See Burger King Corp., 471 U.S. at 482; Werner, 831 A.2d at 331. In fact, had the parties intended Delaware courts to maintain jurisdiction over disputes related to the final purchase price under the APA, they easily could have inserted a forum selection clause to that effect. However, the parties did not do so and this Court should not assert jurisdiction over Maltby retrospectively. Accordingly, Security Networks has not alleged nor can it show any activities or contacts that could create specific jurisdiction over Maltby. As such, the Court should dismiss the *Verified Complaint*.

### III. CONCLUSION

For all the foregoing reasons, the Motion should be granted in its entirety, and the *Verified Complaint* should be dismissed.

DATED: June 28, 2007

MONZACK &MONACO, PA

Francis A. Monaco (#2078)
Kevin J. Mangan (#3810)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

-and-

Jerome Romero (USB #5139)
Troy J. Aramburu (USB #10444)
Jones, Waldo, Holbrook, & McDonough, P.C.
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC,<br>Plaintiff,<br>vs.<br>ALARM ONE, INC., and PETER MALTBY,<br>Defendants. | Civil No. 1:07-cv-00371 (***) |

## DECLARATION OF PETER MALTBY

I, Peter Maltby, declare as follows:

1. I am over the age of nineteen (19) years and am in no way disabled from making this Declaration. I give this Declaration based on my personal knowledge of the matters set forth herein, unless otherwise noted.

2. I make this Declaration in support of the *Motion of Peter Maltby to Dismiss for Lack of Personal Jurisdiction* (the "**Motion**").

3. Alarm One, Inc. ("**Alarm One**") is an Illinois corporation with its principal place of business in Orange, California.

4. I am informed and believe that Security Networks, LLC ("**Security Networks**") is a limited liability company organized and existing under Florida law with its principal place of business in West Palm Beach, Florida. I base my belief on those representations made by Security Networks in the *Asset Purchase Agreement* by and between Alarm One and Security Networks (the "**APA**"), a copy of which is attached to the *Verified Complaint* filed in the above-captioned action.

5. At the time the APA was negotiated and executed, I was President and CEO of Alarm One. I was principally involved in the negotiation of the APA in my capacity as President and CEO of Alarm One.

6. I do not reside, nor have I ever resided, in Delaware. I currently reside in Farmington, Utah. I do not have a mailing address, post office box or telephone number in Delaware.

7. I do not own any assets located in Delaware.

8. I do not have an interest in, use, or possess real property located in Delaware.

9. I have no bank accounts in Delaware.

10. I have not contracted to supply services in Delaware, nor do I do transact business of any kind in Delaware.

11. I have not caused any tortious injury in Delaware.

12. No officers or employees of Alarm One traveled to Delaware in connection with the negotiation and execution of the APA. The APA was negotiated by non-Delaware parties located in Florida and California via telephone and email.

13. I never appeared in Delaware to negotiate or execute the APA.

14. The APA concerns the sale of assets located in Illinois, and the APA was performed entirely outside of Delaware.

15. After entering into the APA, the parties disputed the final purchase price calculation and submitted such dispute to Benchmark Partners for arbitration pursuant to the terms of the APA. This arbitration did not take place in Delaware.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 26 day of June 2007.

_____
Peter Maltby

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **SECURITY NETWORKS, LLC,**<br>Plaintiff,<br>vs.<br>**ALARM ONE, INC.,** and **PETER MALTBY,**<br>Defendants. | Civil No. 1:07-cv-00371 (***) |

ORDER

AND NOW, this ___ day of _____, 2007, upon consideration of the Motion of Peter Maltby to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss")

**IT IS HEREBY ORDER AND DECREED** that the Motion to Dismiss is GRANTED and the Verified Complaint is hereby dismissed with prejudice.

IT IS SO ORDERED.

_____

Document #62627

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>ALARM ONE, INC., and PETER MALTBY,<br><br>        Defendants. | Civil No. 1:07-cv-00371 (***) |

### CERTIFICATE OF SERVICE

I, Lorraine Diaz, certify that I am not less than 18 years of age, and that I caused service of the foregoing document to be made via electronic notice and email on June 28, 2007 upon:

David E. Wilks, Esq.
Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801
Via Email: dwilks@reedsmith.com

Michael R. Lastowski, Esq.
Duane Morris, LLP
1100 North Market Street
Suite 12000
Wilmington, DE 19801
Via Email: mlastowski@duanemorris.com

Edward J. Naughton, Esq.
Geraldine Aine, Esq.
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
Via Email: edward.naughton@hklaw.com
                Geraldine.aine@hklaw.com

Document #62623

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: June 28, 2007

Lorraine Diaz