# EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALARM ONE, INC. AND PETER MALTBY, <br><br> Defendant. | Civil Action No. 07-371 |

## NOTICE OF REMOVAL

Defendant, Alarm One, Inc. (hereinafter "Alarm One"), files this Notice of Removal of the civil action filed against it by plaintiff, Security Networks, LLC (hereinafter "Security Networks"), to the United States District Court for the District of Delaware, pursuant to the provisions of 28 U.S.C. §§ 1441, 1446, and 1332, on the basis of the following facts that show this case is properly removable:

1. Plaintiff filed a complaint (the "Complaint") against defendant in the Court of Chancery of the State of Delaware in New Castle County on May 4, 2007.

2. The case is styled *Security Networking v. Alarm One, Inc. and Peter Maltby*, Court of Chancery, Civil Action No. 2939 – MG.

3. On May 23, 2007, the Complaint was served upon Alarm One.

4. The time within which Defendant Alarm One is required by the laws of the United States, 28 U.S.C. § 1446(b), to file this Notice of Removal has not yet expired.

5. Upon information and belief, the plaintiff, Security Networks, is a Florida limited liability company with a principal place of business at 3223 Commerce Place, Suite 101 West Palm Beach, Florida, 33407-1917.

2007 JUN 11 PM 3:23
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

6. Defendant Alarm One is an Illinois corporation with a principal place of business at 500 North State College, Suite 1100, Orange, California 92868.

7. This action may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states with an amount in controversy exceeding $75,000, exclusive of interest and costs. Specifically, according to the complaint, the plaintiff seeks a purchase price adjustment in the amount of $1,133,042, Benchmark Partners' fees and costs in the amount of $15,600, plus court costs and interest, a total in excess of one million dollars ($1,000,000).

8. Venue is proper pursuant to 28 U.S.C. § 1446(a), because this Court is the United States District Court for the district and division embracing the place wherein the state court action is pending.

9. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Civil Division of the Court of Chancery of the State of Delaware in New Castle County and served upon plaintiff.

10. A copy of the Complaint, together with copies of all process, pleadings and orders served upon Defendant are attached at Exhibit A, in accordance with 28 U.S.C. § 1446(a).

Dated: June 11, 2007

Respectfully submitted,
ALARM ONE, INC.

By its attorneys,

*/s/ Michael R. Lastowski*

Michael R. Lastowski (DE 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:    mlastowski@duanemorris.com

-and-

Edward J. Naughton (BBO #600059)
Geraldine Aine (BBO #665578)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone:    (617) 523-2700
E-mail:    edward.naughton@hklaw.com
           geraldine.aine@hklaw.com

# Exhibit A

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| SECURITY NETWORKS, LLC, : | |
| Plaintiff, : | C.A. No. 07-371 |
| v. : | |
| ALARM ONE, INC. and : PETER MALTBY, | |
| Defendants. : | |

### VERIFIED COMPLAINT

Plaintiff Security Networks, LLC ("Plaintiff"), by and through its undersigned attorneys, brings this action pursuant to 10 Del.C. § 5713 to confirm an arbitration award in its favor and against Alarm One, Inc. and Peter Maltby. Plaintiff states the following in support of its claims:

1. The parties entered an asset purchase agreement (the "APA") on or about December 23, 2005. A copy of the APA is attached as Exhibit A. Defendant Peter Maltby personally guaranteed all of Defendant Alarm One, Inc.'s obligations arising under the APA. See agreement attached as Exhibit B.

2. The APA provides that the parties must arbitrate all disputes arising out of their transaction. Disputes concerning purchase price adjustments must be arbitrated before an explicitly identified independent arbiter, Benchmark Partners. See APA at § 2.1(d). Other disputes would be arbitrated in conjunction with the American Arbitration Association (the "AAA"). See APA at § 8.3. Arbitration under § 8.3 must take place in Wilmington, Delaware, which the parties agreed to be "the most convenient forum for both parties." Id. In addition, the APA is governed by Delaware law. Id. at § 8.6.

3. On August 17, 2006, Plaintiff initiated arbitration proceedings before the AAA. The parties later agreed to arbitrate a portion of those claims before Benchmark Partners. The APA provides that any purchase price adjustment amounts not in dispute must be paid before the Benchmark Partners arbitration or, in any event, in advance of the parties' receipt of Benchmark Partners' final determination. *Id.* at § 2.1(d). That requirement is of material import because the APA also provides that Benchmark Partners' fees and costs are allocated to the parties in proportion to their respective degrees of success in the proceedings before Benchmark Partners. By way of illustration, the APA states, "For example, if Seller's determination differs by $20,000 from the Independent Arbiter's determination, but Buyer's determination only differs by $5,000, Seller will bear 20/25 of such fees and costs and Buyer will bear 5/25 of such fees and costs." *Id.* at § 2.1(d).

4. Though Defendants admitted to Benchmark Partners that Alarm One cannot dispute that it owes Plaintiff $785,627.82 in purchase price adjustments, it still, in contravention of § 2.1(d) of the APA, has not made any such payment to Plaintiff. Plaintiff contended in the Benchmark Partners arbitration that it is entitled to purchase price adjustments in the amount of $1,419,285.00 from Alarm One. On April 30, 2007, Benchmark Partners entered its final determination (the "Determination"), a copy of which is attached as Exhibit C. The Determination awards Plaintiff $1,133,042.00.

5. Benchmark Partners' total fees and costs amount to $19,500.00. See invoice attached as Exhibit D. Since Defendants made none of the payments it admitted to owing to Plaintiff in purchase price adjustments in advance of Benchmark Partners' final determination and instead forced Security Networks to commence arbitration proceedings and incur the expense of proving all the amounts owed to it, Alarm One should be assigned no credit for its

belated admission to owing Plaintiff a substantial sum in purchase price adjustments for the purposes of allocating responsibility for Benchmark Partners' fees and costs. According to the method of calculation required by the APA, therefore, Defendants are responsible for $15,600.00 of Benchmark Partners' fees and costs in this action pursuant to 10 Del. C. § 5712.

6.   In the alternative, Plaintiff requests that the Court allocate responsibility for Benchmark Partners' fees and costs in a manner reflecting the parties' eventual positions in the Benchmark Partners proceedings as follows:

| | |
|---|---|
| Plaintiffs' determination of the purchase price adjustment: | $ 1,419,285.00 |
| Defendants' determination of the purchase price adjustment: | 785,627.82 |
| Final determination: | 1,133,042.00 |
| Plaintiff's share of Benchmark Partners' fees and costs: | 8,775.00 |
| Defendants' share of Benchmark Partners' fees and costs: | 10,725.00 |

WHEREFORE, Plaintiff respectfully requests that the Court confirm the arbitration award in favor of the Plaintiff in the sum of $1,133,042.00, plus $15,600.00 representing Benchmark Partners' fees and costs, plus court costs and interest from entry of judgment at the legal rate of interest and such other relief as the Court deems equitable and appropriate.

REED SMITH LLP

By:  /s/ David E. Wilks
David E. Wilks (I.D. No. 2793)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7560
Facsimile: (302) 778-7575
E-mail: dwilks@reedsmith.com

Attorneys for Plaintiff
Security Networks, LLC

Dated: May 3, 2007



# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

SECURITY NETWORKS, LLC  
    Plaintiff(s)  
    V  
ALARM ONE, INC., AND PETER MALTBY  
    Defendant(s)

CA #: 2939-MG

SUMMONS

THE STATE OF DELAWARE  
TO:   SPECIAL PROCESS SERVER

**YOU ARE COMMANDED:**

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon <u>DAVID E. WILKS</u>, Plaintiff's attorney whose address is <u>1201 N. MARKET ST.SUITE 1500 WILMINGTON, DE 19801-1163</u> an answer to the complaint.

To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated <u>MAY 4, 2007</u>

*Patricia B. Randolph*  
Register in Chancery

Case # 2939-MG

SECURITY NETWORKS, LLC

Plaintiff(s)

V

ALARM ONE, INC., ET AL

Defendant(s)

## SUMMONS

SERVICE TO BE COMPLETED
BY SPECIAL PROCESS SERVER

1. ALARM ONE, INC.
   1601 E. Orangewood Ave.
   Anaheim, CA 92805

2. PETER MALTBY
   1601 E. Orangewood Ave.
   Anaheim, CA 92805

Plaintiff's Attorney: <u>DAVID E. WILKS, ESQUIRE</u>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon to David E. Wilks, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801, by first-class mail, postage pre-paid, this 11th day of June:

*[signature]*
Michael R. Lastowski (DE 3892)