UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SECURITY NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 07-371 *** |
| | ) | |
| ALARM ONE, INC. and PETER MALTBY | ) | |
| | ) | |
| Defendants. | ) | |

**SECURITY NETWORKS, LLC'S ANSWERING BRIEF
<u>IN OPPOSITION TO ALARM ONE, INC.'S MOTION TO DISMISS</u>**

Dated: July 2, 2007

David E. Wilks (Del. I.D. No. 2793)
Katharine V. Jackson (Del. I.D. No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801-1163
(302) 778-7500

*Counsel for Plaintiff Security Networks, LLC*

# TABLE OF CONTENTS

**Page**

I. NATURE AND STATE OF THE PROCEEDINGS ...................................................................1

II. SUMMARY OF ARGUMENT ...........................................................................................2

III. STATEMENT OF FACTS ..................................................................................................3

    A. THE ASSET PURCHASE AGREEMENT .................................................................3

    B. THE AAA ARBITRATION .........................................................................................4

    C. THE BENCHMARK ARBITRATION ........................................................................4

IV. ARGUMENT ......................................................................................................................6

    A. ALARM ONE EXPRESSLY CONSENTED TO LITIGATION ..................................6

    B. ALARM ONE IS ESTOPPED FROM ASSERTING THE DEFENSE OF LACK OF PERSONAL JURISDICTION ..........................................................................................7

V. CONCLUSION ....................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Burger King v. Rudzewicz*
   471 U.S. 462 (1985) ............................................................................... 6, 8, 10

*Carnival Cruise Lines, Inc. v. Shute*
   499 U.S. 585 (1991) ............................................................................... 6

*DMS Properties-First, Inc. v. P.W. Scott Associates, Inc.*
   748 A.2d 389 (Del. 2000) ...................................................................... 7

*In re Real Estate Title and Settlement Services Antitrust Litig.*
   869 F.2d 760 (3d Cir. 1989) .................................................................. 9

*In re Texas Eastern Transmission Corp.*
   15 F.3d 1230 (3d Cir. 1994) .................................................................. 9

*Insurance Corp. of Ireland, Ltd. et al. v. Compagnie des Bauxites de Guinee*
   456 U.S. 694 (1982) ............................................................................... 7, 8

*International Shoe Co. v. Washington*
   326 U.S. 310 (1945) ............................................................................... 2, 9

*Mehiel v. Solo Cup Co.*
   2007 WL 901673 (Del. Super. Ct.) ....................................................... 7

*Resource Ventures, Inc. v. Resources Management Int'l, Inc.*
   42 F.Supp.2d 423 (D. Del. 1999) .......................................................... 8

*SBC Interactive, Inc. v. Corporate Media Partners*
   1998 WL 749446 (Del. Ct. Ch.) ........................................................... 7

*Telcordia Tech Inc. v. Telkom SA Ltd.*
   458 F.3d 172 (3d Cir. 2006) .................................................................. 8

*The Bremen v. Zapata Off-Shore Co.*
   407 U.S. 1 (1972) ................................................................................... 6

*Tracinda Corp. v. Daimlerchrysler AG*
   197 F.Supp.2d 86 (D. Del. 2002) .......................................................... 8

*Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.*
   489 U.S. 469 (1989) ............................................................................... 6

*World-Wide Volkswagen Corp. v. Woodson*
   444 U.S. 286 (1980 ................................................................................ 9

- iii -

**Statutes**

Delaware Uniform Arbitration Act
   10 *Del.C.* §§ 5701 *et seq* ......................................................................................... 1, 6, 7

Fed. R. Civ. Pro. R. 12(b)(2) ........................................................................................... 1

## NATURE AND STAGE OF THE PROCEEDING

This action arises out of an arbitration mandated by an Asset Purchase Agreement between the parties. The arbitrator in those proceedings entered an award in favor of plaintiff Security Networks, LLC ("Security Networks" or "Plaintiff") in the amount of $1,133,042.00. Security Networks promptly initiated proceedings in the Delaware Court of Chancery on May 3, 2007 to confirm that award pursuant to the Delaware Uniform Arbitration Act, 10 *Del.C.* §§ 5701 *et seq.* (the "DUAA").

Defendant Alarm One, Inc. ("Alarm One"), without the consent or joinder of defendant Peter J. Maltby ("Maltby"), then filed a notice of removal of this action to this Court. Due to Alarm One's fatally defective notice of removal, Security Networks moved to remand the case to the Court of Chancery. That motion to remand is currently pending.

Alarm One responded to Security Networks' Verified Complaint with a motion pursuant to FRCP 12(b)(2) to dismiss this case for lack of personal jurisdiction. Maltby has also filed a similar motion to which Security Networks will respond separately.

This is Security Network's answering brief in opposition to Alarm One's motion to dismiss.

## SUMMARY OF ARGUMENT

1.   In its Motion to Dismiss, Alarm One, Inc. ("Alarm One") claims that it was unfairly haled into Court in the State of Delaware. What Alarm One has failed to inform the Court, however, is that by the plain terms of the agreement that underlies this dispute, Alarm One clearly contemplated and consented to litigation in Delaware. In fact, Alarm One and Security Networks are already involved in a now-stayed arbitration action which the parties' agreement provides would take place in Wilmington, Delaware. Accordingly, even if Alarm One "has no assets, employees, or customers in Delaware, and has no contacts that could subject it to personal jurisdiction here" (Mem. in. Supp. of Mot. of Alarm One, Inc. to Dismiss at 1), Alarm One remains subject to the jurisdiction of Delaware Court because it explicitly consented to litigation in Delaware.

2.   Moreover, by actively participating in a Delaware arbitration, Alarm One has waived its right to object to Delaware Courts' jurisdiction over it. That Alarm One now faces litigation in a forum it not only expressly agreed to, but also in which it has already participated in litigation under the same contract is wholly consistent with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## STATEMENT OF FACTS

### A.    THE ASSET PURCHASE AGREEMENT

On December 23, 2005, Security Networks and the defendants Alarm One and Maltby (collectively, the "Defendants") entered into the APA, a copy of which is attached hereto as Exhibit A, under which Alarm One agreed to sell to Security Networks certain customer contracts. Maltby personally guaranteed Alarm One's obligations under the APA. *See* guarantee agreement included in the APA.

To resolve disputes arising under the APA, the APA provides for two paths toward resolution. For all disputes, except those concerning specific performance and the Final Purchase Price, the APA provides for arbitration in Wilmington, Delaware in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA Arbitration"). APA at § 8.3. Such arbitration is "final and binding" on the parties "and judgment upon any award rendered may be entered in any court having jurisdiction therefor." *Id.* In addition, "the prevailing party in any dispute will be entitled to recover its legal fees and expenses." *Id.*

For disputes concerning the Final Purchase Price, the APA provides for arbitration before Benchmark Partners ("Benchmark Arbitration"). APA at § 2.1(d). Like the AAA Arbitration, Benchmark's determination "will be final and binding on the parties." *Id.* Unlike the AAA Arbitration provision, the Benchmark Arbitration provision does not provide a location for arbitration. *Id.*

The APA also provides that "this Agreement will be governed by, and construed ***and enforced in accordance with***, the laws of the State of Delaware." APA at § 8.6. Under the Delaware Uniform Arbitration Act, the Court of Chancery of the State of Delaware is the

appropriate forum to confirm arbitration awards, thereby enforcing the mandatory arbitration provisions of the APA.

### B.    THE AAA ARBITRATION

On August 17, 2006, Security Networks filed a Demand for and Notice of Arbitration before the American Arbitration Association (the "Demand"), thereby commencing AAA Arbitration. *See* Demand for and Notice of Arbitration, attached hereto as Exhibit B. Defendants objected to the AAA Arbitration on the grounds that the dispute was a Final Purchase Price dispute properly before Benchmark. Counsel for the Defendants, however, never expressed any objection to Wilmington, Delaware as the location of the arbitration.

A telephonic conference before the AAA Arbitrators was held on December 21, 2006 to address procedural matters. *See* AAA memorandum, attached hereto as Exhibit C. Both Alarm One and Security Networks participated in that conference. Alarm One did not object at that time to the hearing taking place in Wilmington, Delaware. Solely as an accommodation to the arbitrators, however, the parties agreed to hold the actual hearing in Washington, D.C. After considering Alarm One's argument that the AAA proceedings should be dismissed, the Panel communicated to the parties that it would not dismiss the Demand. The Panel then suggested that the parties simultaneously arbitrate certain issues before Benchmark. The parties ultimately agreed to do so and later agreed to stay the AAA proceedings during the pendency of the Benchmark Arbitration. *See* Order, attached hereto as Exhibit D.

### C.    THE BENCHMARK ARBITRATION

In April, 2005, the parties engaged Benchmark to arbitrate their dispute. The Benchmark Arbitration proceeded via electronic, written and telephonic communications. As described in Security Networks' Verified Complaint, Benchmark entered an award in Security Networks'

- 5 -

favor and against Defendants in the amount of $1,133,042.00. Security Networks promptly filed a Verified Complaint in the Court of Chancery of the State of Delaware to confirm the Benchmark award.

On June 11, 2007, Alarm One filed a Notice of Removal of the Action, in which Defendant Maltby never joined. Alarm One then moved to dismiss Security Networks' Verified Complaint for lack of personal jurisdiction.

**ARGUMENT**

A.  **ALARM ONE EXPRESSLY CONSENTED TO LITIGATION IN DELAWARE**

In the APA, Alarm One expressly agreed to face litigation in Delaware. Not only does the Asset Purchase Agreement directly provide for AAA Arbitration in Wilmington, Delaware, but it also incorporates the Delaware Uniform Arbitration Act, 10 *Del. C.* §§ 5701 *et seq.* (the "DUAA") which establishes Delaware as an acceptable forum for the confirmation and enforcement of arbitration awards. Because courts must "enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms," *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 469, 478 (1989) and because courts must also enforce all reasonable forum selection clauses, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991), this Court must honor Alarm One's agreement to litigate in Delaware and deny its Motion to Dismiss.

It is well established that the "personal jurisdiction requirement is a waivable right." *Burger King v. Rudzewicz*, 471 U.S. 462, 473 n. 14 (1985). Therefore, a defendant may waive her right to object to a court's personal jurisdiction via contract. *E.g., The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). In fact, such consent is implicit in agreements to arbitrate in the forum at issue. *Insurance Corp. of Ireland, Ltd. et al. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982). Alarm One waived its right to object to this Court's personal jurisdiction through its express agreement in the APA.

The provision in the APA addressing Benchmark Arbitration does not mandate the location that arbitration before Benchmark must take place. Alarm One expressly agreed, however, to a Delaware venue by agreeing to conduct a AAA Arbitration in Delaware and by selecting Delaware law as controlling and enforcing the resolution of all disputes arising under

the APA. By adopting Delaware law, the APA necessarily adopts the DUAA, which confers jurisdiction on the Court of Chancery of the State of Delaware to confirm arbitration awards. 10 *Del. C.* § 5702(a); *DMS Properties-First, Inc. v. P.W. Scott Associates, Inc.*, 748 A.2d 389, 391 (Del. 2000); *SBC Interactive, Inc. v. Corporate Media Partners*, 1998 WL 749446, *1 (Del. Ct. Ch.). The DUAA applies to arbitration agreements containing choice of law provisions that provide that such agreements are to be governed and construed by Delaware law. *Mehiel v. Solo Cup Co.*, 2007 WL 901673, *5 (Del. Super. Ct.).

Because the APA is governed by Delaware law, the Benchmark Arbitration is subject to the DUAA. Thus, by explicitly agreeing that the APA is governed and construed according to Delaware law, the parties agreed that the Court of Chancery would be the forum in which they might confirm an arbitration award made by Benchmark. While Alarm One correctly notes that a choice of law provision standing alone does not ordinarily expose a contracting party to personal jurisdiction, where as here that choice of law necessarily invokes a specific state's jurisdiction, the contracting party cannot later be heard to complain.

Indeed, it would require a nonsensical reading of the APA to conclude that Delaware law, including the DUAA, governs the APA and that arbitration must take place before the AAA in Wilmington, Delaware, but that Alarm One is not subject to an action confirming the Benchmark Arbitration award in a Delaware court. Alarm One freely agreed to arbitrate in Delaware and to be subject to Delaware courts' jurisdiction under the DUAA. Security Networks therefore respectfully submits that Alarm One's motion to dismiss is without merit and should be denied.

### B.     ALARM ONE IS ESTOPPED FROM ASSERTING THE DEFENSE OF LACK OF PERSONAL JURISDICTION

Not only may a defendant waive her right to object to a court's personal jurisdiction through express agreement, she may also waive her right by giving her implied consent. *E.g.*,

*Burger King*, 471 U.S. at 473 n. 14; *Tracinda Corp. v. Daimlerchrysler AG*, 197 F.Supp.2d 86, 91 (D. Del. 2002); *Resource Ventures, Inc. v. Resources Management Int'l, Inc.*, 42 F.Supp.2d 423, 431 (D. Del. 1999). Furthermore, "a defendant may be estopped from raising the issue" for "various reasons." *Ins. Corp. of Ireland*, 456 U.S. at 704. Personal jurisdiction is determined by considering the "totality of the circumstances," *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 179 (3d Cir. 2006) and whether the imposition of a court's jurisdiction would "offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. Alarm One offered its implied consent by agreeing to arbitrate in Delaware, by agreeing to the use of Delaware law and by actually submitting to arbitration in Delaware. Certainly, Alarm One "reasonably anticipate[d] being haled into" a Delaware court. *Telcordia*, 458 F.3d at 179 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The circumstances render it more than fair to Alarm One to face litigation in Delaware.

"[A] party is deemed to have consented to personal jurisdiction if the party ... demonstrates a willingness to engage in extensive litigation in the forum." *In re Texas Eastern Transmission Corp.*, 15 F.3d 1230, 1236 (3d Cir. 1994) (citing *In re Real Estate Title and Settlement Services Antitrust Litig.*, 869 F.2d 760, 771 (3d Cir. 1989)). Alarm One's express agreement to AAA Arbitration in Wilmington, Delaware plainly establishes Alarm One's willingness to litigate claims arising under the APA in a Delaware forum. *See* APA at § 8.3. Moreover, "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits....in the forum." *Texas Eastern Trans. Corp.*, 15 F.3d at 1236. Alarm One indeed appeared in the AAA Arbitration proceedings – which it agreed to conduct in Wilmington, Delaware – before they were stayed.

Implied consent may also be found in Alarm One's agreement to the primacy of Delaware law in this matter. A choice of law clause is evidence of a party's purposeful invocation of the benefits and protections of a state's laws and is therefore relevant to the personal jurisdiction analysis. *Burger King*, 471 U.S. at 482. Certainly, the choice of law, when considered with an express provision for Delaware arbitration—a provision that was implemented with Alarm One's involvement—is clear evidence of Alarm One's implied consent to Delaware as a judicial forum. Alarm One's attempt to avoid personal jurisdiction now that it has lost a substantial award offends equity and should be rejected.

## CONCLUSION

Alarm One agreed to arbitrate in Delaware and to submit to the jurisdiction of the Delaware courts under the DUAA according to the unambiguous terms of the APA. Moreover, Alarm One submitted to arbitration in Delaware in the AAA proceedings without objection or complaint. Alarm One has, therefore, through its contract and conduct consented to the jurisdiction of Delaware courts. Security Networks accordingly respectfully requests that the Court deny Alarm One's motion to dismiss.

Respectfully submitted,

By: /s/

Dated: July 2, 2007

David E. Wilks (Del. I.D. No. 2793)
Katharine V. Jackson (Del. I.D. No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801-1163
(302) 778-7500

*Attorneys for Plaintiff Security Networks, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 07-371 *** |
| | ) |
| ALARM ONE, INC. and PETER MALTBY | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 2, 2007, a copy of the foregoing **Answering Brief in Opposition to Alarm One's Motion to Dismiss** was served in the manner indicated on the following counsel of record:

| **E-mail and Hand-Delivery**<br>Francis A. Monaco, Jr., Esquire<br>Kevin J. Mangan, Esquire<br>Monzack & Monaco, PA<br>1201 N. Orange Street, Suite 400<br>Wilmington, DE 19801<br>fmonaco@monlaw.com<br>kmangan@monlaw.com | **E-mail**<br>Jerome Romero, Esquire<br>Troy J. Aramburu<br>Jones, Waldo, Holbrook & McDonough, P.C.<br>170 South Main Street, Suite 1500<br>Salt Lake City, UT 84101<br>jromero@joneswaldo.com<br>taramburu@joneswaldo.com |
|---|---|
| **E-mail and Hand-Delivery**<br>Michael R. Lastowski, Esquire<br>Duane Morris, LLP<br>1100 North Market St., Suite 12000<br>Wilmington, DE 19801<br>mlastowski@duanemorris.com | **E-mail**<br>Edward J. Naughton, Esquire<br>Geraldine Aine, Esquire<br>Holland & Knight, LLP<br>10 St. James Avenue<br>Boston, MA 02116<br>edward.naughton@hklaw.com<br>geraldine.aine@hklaw.com |

/s/ Katharine V. Jackson
Katharine V. Jackson (Del. I.D. No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801-1163
(302) 778-7500
kjackson@reedsmith.com