## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

SECURITY NETWORKS, LLC,

        Plaintiff,

   v.

ALARM ONE, INC. AND PETER MALTBY,

        Defendant.

Civil Action No. 1:07-cv-00371

## REPLY MEMORANDUM
## IN SUPPORT OF ALARM ONE, INC.'S MOTION TO DISMISS

Dated: July 13, 2007

Michael R. Lastowski (DE 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:   (302) 657-4900
Facsimile:   (302) 657-4901
E-mail:   mlastowski@duanemorris.com

*Of counsel*:

Edward J. Naughton (BBO #600059)
Geraldine Aine (BBO #665578)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone:   (617) 523-2700
E-mail:   edward.naughton@hklaw.com
        geraldine.aine@hklaw.com

## **TABLE OF CONTENTS**

I.  ARGUMENT.....................................................................................1

II.  CONCLUSION................................................................................3

i

## TABLE OF CITATIONS

### FEDERAL CASES

*Blue Ball Prop., Inc., v. McClain*, 658 F. Supp. 1310, 1314 (D. Del. 1987)...................2

*Burger King v. Rudzewicz*, 471 U.S. 462, 481-82 (1985)........................................2

.

In its Motion to Dismiss, Alarm One, Inc. ("Alarm One") demonstrated that Alarm One had no substantial contacts with Delaware that would subject it to personal jurisdiction in this Court. Plaintiff Security Networks, LLC ("Security Networks") offers no substantial evidence to rebut Alarm One's showing, but simply argues that Alarm One subjected itself to jurisdiction by participating in an aborted arbitration proceeding before the American Arbitration Association ("AAA").

Security Networks' argument is based on two misstatements of fact. First, Security Networks' suggestion that Alarm One did not object to the AAA arbitration is demonstrably wrong: Alarm One repeatedly objected in writing and never submitted to the arbitration. Second, the AAA arbitration has nothing to do with this case. Security Networks seeks to "confirm" an opinion of a Connecticut consulting firm that was engaged to resolve a dispute over the purchase price for the sale of customer accounts. The consulting firm did not arbitrate the dispute, and its valuation of the accounts at issue had no connection whatsoever to Delaware. Alarm One's motion should be granted and the complaint dismissed.

**ARGUMENT**

**SECURITY NETWORKS HAS NOT CARRIED ITS BURDEN OF PROVING
THAT THIS COURT HAS PERSONAL JURISDICTION OVER ALARM ONE**

As plaintiff, Security Networks bears the burden of pleading and proving that this Court can, within the limits of the long-arm statute and Due Process Clause, assert personal jurisdiction over Alarm One. *Blue Ball Prop., Inc., v. McClain*, 658 F. Supp. 1310, 1314 (D. Del. 1987). It has failed to carry that burden, and it has not even attempted to rebut Alarm One's showing that it has no contacts with Delaware.

Security Networks makes two arguments: (1) that an arbitration provision in the boilerplate of the parties' Asset Purchase Agreement, which is governed by Delaware law,

1

constitutes an irrevocable consent to jurisdiction in Delaware, and (2) that Alarm One waived any objection to jurisdiction by participating in a conference call concerning the arbitration. The first argument is legally wrong; the second is premised on a factual misstatement.

As Alarm One showed in its moving papers, the Supreme Court has unequivocally rejected the idea that a contractual choice of a forum's law subjects a party to jurisdiction in the forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 481-82 (1985). A proper jurisdictional analysis, rather, must consider all of the circumstances of the contractual relationship. Here, Security Networks tacitly concedes that all of the relevant circumstances – that Alarm One is an Illinois corporation based in California, that Security Networks is a Florida limited liability company based there, that the accounts sold were for customers in Illinois, and that the contract was negotiated and performed in California and Florida – weigh decidedly against the assertion of jurisdiction.

The only circumstance that Security Networks can seize upon is an arbitration provision that provides that certain disputes will be resolved through arbitration before the AAA in Wilmington, Delaware. This lawsuit concerns a purchase price adjustment, however, which is a dispute that is expressly *excluded* from the arbitration provision. *See* Asset Purchase Agreement, § 8.3 (attached at Tab A to Schultz Decl.), submitted with Alarm One's moving papers. As detailed in Alarm One's moving papers, the parties agreed that disputes over adjustments to the purchase price would be resolved by Benchmark Partners, a Connecticut consulting firm with some experience in the security alarm business. It is from Benchmark's review, conducted by phone and email between Connecticut, California, and Florida, that this action arises.

Security Networks did, to be sure, attempt to pursue arbitration before the AAA. Security Networks tells this Court that Alarm One participated in the AAA arbitration without objection. That statement is incorrect. Alarm One consistently objected to the AAA arbitration on no less than five separate occasions. *See* Supplemental Naughton Decl., Exhibit A. Through its counsel, in Boston, Alarm One did participate in a telephone conference call with the panel, which was in Washington, D.C., not Delaware. Alarm One participated only to present its objections, on the express understanding that its participation was not a waiver of its objections or a consent to jurisdiction. *See* Supplemental Naughton Decl., Exhibit B. The panel expressly recognized that understanding. *See* Supplemental Naughton Decl., Exhibit C. There was no consent to any proceeding in Delaware.

## CONCLUSION

For all of these reasons, Security Networks has failed to carry its burden of proving that Alarm One is subject to jurisdiction in this Court. Accordingly, Alarm One respectfully requests that this Court dismiss the Complaint, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ALARM ONE, INC.

By its attorneys,

Christopher Winter (DE 4163)
Michael R. Lastowski (DE 3892)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:    mlastowski@duanemorris.com

3

*Of counsel*:

Edward J. Naughton (BBO #600059)
Geraldine Aine (BBO #665578)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone:   (617) 523-2700
E-mail:      edward.naughton@hklaw.com
             geraldine.aine@hklaw.com

Dated:  July 13, 2007

# 4659011_v2

4

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALARM ONE, INC. AND PETER MALTBY,<br><br>Defendant. | Civil Action No. 1:07-cv-00371<br><br>**DECLARATION OF EDWARD NAUGHTON** |

I, Edward Naughton, hereby declare and state as follows:

1.    I make this declaration in support of Alarm One, Inc.'s reply memorandum in support of its motion to dismiss for lack of personal jurisdiction. I am counsel for Defendant Alarm One, Inc. ("Alarm One"). Each of the following statements is based on my personal knowledge, and if called upon to testify concerning any of these matters, I could and would competently do so.

2.    Attached hereto as Exhibit "A" are true and correct copies of letters I sent to Ms. Hannah R. Cook, a Case Manager at the American Arbitration Association ("AAA") setting forth Alarm One's objections to the AAA arbitration. In addition, during a telephone conversation with the AAA Case Administrator, I explained Alarm One's objections.

3.    Attached hereto as Exhibit "B" is a true and correct copy of an electronic email I sent to Ms. Hannah R. Cook of the AAA regarding the scheduling of a telephone conference.

4.    Attached hereto as Exhibit "C" is a true and correct copy of communication from Mr. Roy Kaufman, the Chairman of the AAA panel, wherein he acknowledges that Alarm One's

response to inquiries was not deemed a participation in the AAA proceedings, and that all of Alarm One's rights were reserved.

I declare under penalty of perjury under the laws of the State of Delaware that each of the above statements is true and correct.

Executed this 12th day of July, 2007, in Boston, Massachusetts.

Edward Naughton

# 4667027_v1

# EXHIBIT A

# Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

Edward J. Naughton
617 854 1401
edward.naughton@hklaw.com

October 13, 2006

*Via facsimile and electronic mail*

Ms. Hannah R. Cook
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re:     *Security Networks, LLC -and- Alarm One, Inc. and Peter Maltby*,
        AAA No. 14 489 Y 01328 06

Dear Ms. Cook:

As you know from our telephone conversation on September 19, we are counsel for Alarm One, Inc. I write in response to the letter dated October 11, 2006 from Mr. Goldich.

At the outset, Mr. Goldich's request for entry of a "default judgment" is inappropriate. Alarm One is under no obligation to file any response to Security Networks' demand; Rule 5 of the Commercial Arbitration Rules provides that all claims are automatically deemed denied.

In any event, the claims and issues raised by Security Networks are not subject to arbitration before the AAA. We will provide a detailed explanation of the basis for this position on or before October 20, the date that you set for objections to the proposed panel. In the meantime, please note that we are sending this letter subject to and without prejudice to our objection to the arbitration proceeding, reserving all rights.

Thank you for your assistance.

Very truly yours,

HOLLAND & KNIGHT LLP

Edward J. Naughton

EJN/cao
cc:     David E. Wilks, Esq.

# Holland & Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

Edward J. Naughton
617 854 1401
edward.naughton@hklaw.com

October 20, 2006

*Via facsimile and electronic mail*

Ms. Hannah R. Cook
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

    Re:   *Security Networks, LLC -and- Alarm One, Inc. and Peter Maltby*,
          AAA No. 14 489 Y 01328 06

Dear Ms. Cook:

    As I mentioned in my letter of October 13, 2006, it is the position of Alarm One, Inc. ("Alarm One") that the issues raised in the demand served by Security Networks, LLC ("Security Networks") are not subject to arbitration before the American Arbitration Association ("AAA"). I am submitting this letter to explain our position in greater detail.

### An Overview of Security Networks' Claims

    Alarm One and Security Networks are both in the security alarm business. Security Networks has brought claims against Alarm One under two different transactions. The first set of claims arises from Security Networks' purchase of customer accounts from Alarm One. Security Networks contends that it is entitled to an adjustment of the price that it paid for those accounts because some of the accounts were nonperforming. The second set of claims arises from a digital monitoring agreement, whereby Security Networks agreed to provide alarm monitoring services to Alarm One.

### The Asset Purchase Agreement Expressly Excludes
### Purchase Price Disputes From The Arbitration Provision

    Pursuant to an Asset Purchase Agreement dated December 23, 2005, Security Networks purchased all of Alarm One's customer accounts in Illinois (a copy of the Asset Purchase Agreement is attached as Exhibit A to Security Networks' arbitration demand). Those customer accounts generate recurring revenue, primarily in the form of monthly payments for alarm monitoring and related services.

    The parties agreed upon a formula for the purchase price of these assets: Security Networks was to pay a multiple of 31 times the recurring monthly revenue generated by the accounts, less an adjustment for revenue that Alarm One had billed or collected prior to closing for services to be provided after the closing.

Ms. Hannah R. Cook, Case Manager
American Arbitration Association
October 20, 2006
Page 2

The parties always recognized that some of the accounts that Alarm One was selling and Security Networks was buying would be "nonperforming" -- that is, some of the accounts would be in arrears, others would have pending notices of cancellation, and the like. Accordingly, the purchase price would need to be adjusted to reflect these nonperforming accounts.

The Asset Purchase Agreement established a mechanism for such adjustments: a certain amount of money would be paid upon closing; within 30 days after closing (during which time Security Networks could analyze the accounts), Security Networks would present an estimated purchase price; and within 120 days following closing, Security Networks would present a final purchase price. The estimated and final purchase prices were to be supported by detailed analyses. If Alarm One disputed Security Networks' calculation of the estimated or final purchase prices, it was to provide a written notice describing the dispute. If the parties were unable to resolve the dispute within 20 days, they agreed to engage Benchmark Partners, a security alarm consulting firm, to act as an Independent Arbiter to resolve the dispute:

> Should Seller dispute Buyer's calculation of the Estimated Purchase Price or the Final Purchase Price, Seller will promptly, but in no event later than 30 days after receipt of such calculation, deliver to Buyer written notice describing in reasonable detail the dispute, together with the Seller's determination as to the amount of Estimated Purchase Price or the Final Purchase Price, as the case may be, in reasonable detail. If the dispute is not resolved by the parties within 20 days from the date of receipt by Buyer of written notice from Seller, *the parties agree to promptly engage Benchmark Partners (the "Independent Arbiter") to resolve the dispute within 30 days after such engagement.* The Independent Arbiter's determination will be final and binding on the parties.

Asset Purchase Agreement, at § 2.1.

The Asset Purchase Agreement also included a general arbitration provision in Section 8.3. That provision expressly excludes disputes regarding adjustments to the final purchase price, however:

> Except with respect to Buyer electing to bring an action for specific performance of this Agreement (which action will be commenced and settled in a court of competent jurisdiction) or *a dispute regarding the Final Purchase Price (which dispute will be settled by the Independent Arbiter)*, any controversy or claim arising out of or relating to this Agreement, or the breach thereof, will be settled by arbitration . . . .

Asset Purchase Agreement, at § 8.3 (emphasis added). Arbitration is a creature of contract; there is a strong federal and state policy in favor of enforcing arbitration agreements, and that policy extends to enforcing *exclusions* from arbitration agreements. "[I]n determining the question of whether a dispute should be arbitrated, there is a general presumption of arbitrability if there is an arbitration agreement . . . . However, the presumption is inapplicable in the presence of an express provision excluding a particular grievance from arbitration or forceful evidence of a

Ms. Hannah R. Cook, Case Manager
American Arbitration Association
October 20, 2006
Page 3

purpose to exclude the claim from arbitration." <u>Flandreau Public School District vs. G.A.</u>
<u>Johnson Construction, Inc.</u>, 701 N.W.2d 430, 435 (2005). Here, the parties could not have been
more clear and unequivocal in their exclusion of purchase price disputes from the general
arbitration provision. Accordingly, the AAA does not have any power to hear the issues raised
by counts one through three of the arbitration demand.

> **The Parties Never Agreed To Arbitrate Claims**
> **Concerning The Digital Alarm Agreement**

Count four of Security Networks' demand concerns the Digital Alarm Agreement. The
Digital Alarm Agreement between Alarm One and Security Networks is a complete and separate
agreement that deals solely with the monitoring of certain Alarm One customer accounts by
Security Networks. (A copy of the Digital Alarm Agreement is attached as Exhibit B to Security
Networks' arbitration demand.) The agreement, comprising only four operative paragraphs, does
not contain any arbitration provision; it does not mention arbitration at all.

Security Networks does not provide any basis for its demand to arbitrate the issues
concerning the Digital Alarm Agreement. Presumably it relies upon the general arbitration
provision in the Asset Purchase Agreement, simply because the agreements were executed at
about the same time, but there is absolutely no basis to import the arbitration provision of the
Asset Purchase Agreement into the wholly separate Digital Alarm Agreement. To the contrary,
the Asset Purchase Agreement expressly provides that it contains the parties' entire agreement
and stands alone from other documents, even if those documents were made contemporaneously:

> This Agreement is an integrated document, ***contains the entire agreement***
> ***between the parties, wholly cancels, terminates and supersedes any and all***
> ***previous and/or contemporaneous oral agreements, negotiations, commitments***
> ***and writings between the parties hereto with respect to such subject matter,***
> including the letter of intent dated December 12, 2005. No change, modification,
> extension, termination, notice of termination, discharge, abandonment or waiver
> of this Agreement or any of its provisions, nor any representation, promise or
> condition relating to this Agreement, will be binding upon any party unless made
> in writing and signed by such party.

Asset Purchase Agreement, § 8.9 (emphasis added). Accordingly, there is no basis whatsoever
for Security Networks to claim arbitration of issues concerning the Digital Alarm Agreement.

Indeed, the arbitration panel proposed by the AAA does not even have the power to
decide the issue of arbitrability. Because the "agreement contains no language agreeing to
arbitrate arbitrability," and because there is "no clear and unmistakable evidence of intent to
arbitrate arbitrability, the arbitrability of [the dispute is] not an issue for the arbitrator." <u>G.A.</u>
<u>Johnson Construction, Inc.</u>, 701 N.W.2d. at 437 (2005). Alarm One is providing this explanation
of its position out of respect for the AAA and Security Networks, but it is not participating in the
proceeding by submitting this letter. Rather, Alarm One is providing this letter subject to and
without prejudice to its objection to the arbitration proceeding, reserving all rights.

Ms. Hannah R. Cook, Case Manager
American Arbitration Association
October 20, 2006
Page 4

       Thank you for your assistance.

                                       Very truly yours,

                                       HOLLAND & KNIGHT LLP

                                       Edward J. Naughton

EJN/cao
cc:    David E. Wilks, Esq.

# EXHIBIT B

## Naughton, Edward (BOS - X71401)

| | |
|---|---|
| **From:** | Naughton, Edward (BOS - X71401) |
| **Sent:** | Wednesday, November 08, 2006 10:23 PM |
| **To:** | CookH@adr.org |
| **Subject:** | AAA CASE 14 489 Y 01328 06 - Security and Alarm |

**Attachments:**    Cals.doc

Ms. Cook: I've attached my calendar for the weeks about which you've inquired. As you'll see, I have no availability during the next two weeks as I will be traveling extensively for depositions. My first availability is on Thursday, November 30.



Cals.doc (255 KB)

I am providing this response as a courtesy. For the reasons set forth in my letter of October 20, the claims asserted by Security Networks are not arbitrable, and, respectfully, the AAA does not have any jurisdiction over them, nor any power even to determine whether the claims are arbitrable. Alarm One will participate in the initial conference only for purposes of presenting its objections. By responding to your request, or by presenting its objections at the initial conference, Alarm One is not submitting to arbitration, and it reserves all of its objections to the proceedings.

Holland ∙ Knight

**Edward J. Naughton**
Holland & Knight LLP

10 St. James Avenue
Boston, Massachusetts 02116
v 617.854.1401
f 617.523.6850
edward.naughton@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

Re: 14 489 Y 01328 06
    Security Networks, LLC
    and
    Alarm One, Inc. and Peter Maltby

## PRELIMINARY HEARING CALENDAR FORM

Please cross out any unavailable periods of time for the week of November 13th:

|  | MON | TUE | WED | THUR | FRI |
|---|---|---|---|---|---|
| AM | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 |
|  | 9:30 | 9:30 | 9:30 | 9:30 | 9:30 |
|  | 10:00 | 10:00 | 10:00 | 10:00 | 10:00 |
|  | 10:30 | 10:30 | 10:30 | 10:30 | 10:30 |
|  | 11:00 | 11:00 | 11:00 | 11:00 | 11:00 |
|  | 11:30 | 11:30 | 11:30 | 11:30 | 11:30 |
| PM | NOON | NOON | NOON | NOON | NOON |
|  | 12:30 | 12:30 | 12:30 | 12:30 | 12:30 |
|  | 1:00 | 1:00 | 1:00 | 1:00 | 1:00 |
|  | 1:30 | 1:30 | 1:30 | 1:30 | 1:30 |
|  | 2:00 | 2:00 | 2:00 | 2:00 | 2:00 |
|  | 2:30 | 2:30 | 2:30 | 2:30 | 2:30 |
|  | 3:00 | 3:00 | 3:00 | 3:00 | 3:00 |
|  | 3:30 | 3:30 | 3:30 | 3:30 | 3:30 |
|  | 4:00 | 4:00 | 4:00 | 4:00 | 4:00 |
|  | 4:30 | 4:30 | 4:30 | 4:30 | 4:30 |
|  | 5:00 | 5:00 | 5:00 | 5:00 | 5:00 |

Please fax your completed form no later than November 8, 2006. Absent a response, all times and dates will be deemed acceptable and a **preliminary hearing** will be scheduled.

Submitted by: _____    Date: _____

Please circle one:    Claimant               Respondent          Arbitrator

Please circle your time zone:    Eastern      Central      Mountain      Pacific

CASE MANAGER: Hannah R. Cook

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

Re: 14 489 Y 01328 06
    Security Networks, LLC
    and
    Alarm One, Inc. and Peter Maltby

## PRELIMINARY HEARING CALENDAR FORM

Please cross out any unavailable periods of time for the week of November 20th:

| | MON | TUE | WED | THUR | FRI |
|---|---|---|---|---|---|
| **AM** | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 |
| | 9:30 | 9:30 | 9:30 | 9:30 | 9:30 |
| | 10:00 | 10:00 | 10:00 | 10:00 | 10:00 |
| | 10:30 | 10:30 | 10:30 | 10:30 | 10:30 |
| | 11:00 | 11:00 | 11:00 | 11:00 | 11:00 |
| | 11:30 | 11:30 | 11:30 | 11:30 | 11:30 |
| **PM** | NOON | NOON | NOON | NOON | NOON |
| | 12:30 | 12:30 | 12:30 | 12:30 | 12:30 |
| | 1:00 | 1:00 | 1:00 | 1:00 | 1:00 |
| | 1:30 | 1:30 | 1:30 | 1:30 | 1:30 |
| | 2:00 | 2:00 | 2:00 | 2:00 | 2:00 |
| | 2:30 | 2:30 | 2:30 | 2:30 | 2:30 |
| | 3:00 | 3:00 | 3:00 | 3:00 | 3:00 |
| | 3:30 | 3:30 | 3:30 | 3:30 | 3:30 |
| | 4:00 | 4:00 | 4:00 | 4:00 | 4:00 |
| | 4:30 | 4:30 | 4:30 | 4:30 | 4:30 |
| | 5:00 | 5:00 | 5:00 | 5:00 | 5:00 |

Please fax your completed form no later than November 8, 2006. Absent a response, all times and dates will be deemed acceptable and a **preliminary hearing** will be scheduled.

Submitted by: _____    Date: _____

Please circle one:    Claimant        Respondent        Arbitrator

Please circle your time zone:    Eastern    Central    Mountain    Pacific

CASE MANAGER: Hannah R. Cook

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

Re: 14 489 Y 01328 06
    Security Networks, LLC
    and
    Alarm One, Inc. and Peter Maltby

## PRELIMINARY HEARING CALENDAR FORM

Please cross out any unavailable periods of time for the week of November 27th:

|  | | MON | TUE | WED | THUR | FRI |
|---|---|---|---|---|---|---|
| AM | | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 |
| | | 9:30 | 9:30 | 9:30 | 9:30 | 9:30 |
| | | 10:00 | 10:00 | 10:00 | 10:00 | 10:00 |
| | | 10:30 | 10:30 | 10:30 | 10:30 | 10:30 |
| | | 11:00 | 11:00 | 11:00 | 11:00 | 11:00 |
| | | 11:30 | 11:30 | 11:30 | 11:30 | 11:30 |
| PM | | NOON | NOON | NOON | NOON | NOON |
| | | 12:30 | 12:30 | 12:30 | 12:30 | 12:30 |
| | | 1:00 | 1:00 | 1:00 | 1:00 | 1:00 |
| | | 1:30 | 1:30 | 1:30 | 1:30 | 1:30 |
| | | 2:00 | 2:00 | 2:00 | 2:00 | 2:00 |
| | | 2:30 | 2:30 | 2:30 | 2:30 | 2:30 |
| | | 3:00 | 3:00 | 3:00 | 3:00 | 3:00 |
| | | 3:30 | 3:30 | 3:30 | 3:30 | 3:30 |
| | | 4:00 | 4:00 | 4:00 | 4:00 | 4:00 |
| | | 4:30 | 4:30 | 4:30 | 4:30 | 4:30 |
| | | 5:00 | 5:00 | 5:00 | 5:00 | 5:00 |

Please fax your completed form no later than November 8, 2006.  Absent a response, all times and dates will be deemed acceptable and a **preliminary hearing** will be scheduled.

Submitted by: _____    Date: _____

Please circle one:        Claimant              Respondent              Arbitrator

Please circle your time zone:     Eastern      Central      Mountain      Pacific

CASE MANAGER: Hannah R. Cook

# EXHIBIT C

**From:** Kaufmann, Roy
**To:** Hannah R. Cook
**Subject:** Re: 14 489 Y 03128 06

**In the Matter of the Arbitration between**

**Re: 14 489 Y 03128 06**

**Security Networks, LLC**

**and**

**Alarm One, Inc.  and Peter Maltby**

**ARBITRATORS: Roy L. Kaufmann, Chair, Patricia Horan Latham,  Brian C. Parker**
**Administrator: Hannah R. Cook**

Hannah, please contact the parties and request written responses to the following questions on or before January 22, 2007:

Has either party already instituted arbitration with Benchmark?  If so, are both parties participating in that arbitration and when is the arbitration hearing scheduled in the case?

Has either party contested the jurisdiction of Benchmark or articulated to Benchmark any objection to participating in the Benchmark arbitration?

Alarm One's response to this inquiry will not be deemed to be a participation in the AAA proceedings and we understand all rights are reserved.

Thank you.

Roy Kaufmann, for the Panel

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

SECURITY NETWORKS, LLC,

                Plaintiff,

    v.

ALARM ONE, INC. AND PETER MALTBY,

                Defendant.

Civil Action No. 1:07-cv-00371

## CERTIFICATE OF SERVICE

I, Christopher M. Winter, certify that I am not less than 18 years of age, and that service

of a copy of ***Reply Memorandum in Support of Alarm One, Inc.'s Motion to Dismiss*** was made

on July 13, 2007 upon the individuals listed below in the manner indicated:

***Via Hand Delivery***
David E. Wilks, Esquire
Katharine V. Jackson, Esquire
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

***Via Hand Delivery***
Francis A, Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
WOMBLE CARLYLE SANDRIDGE & RICE
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

***Via First Class Mail, Postage Pre-Paid***
Edward J. Naughton, Esquire
Geraldine Aine, Esquire
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116

Under penalty of perjury, I declare the foregoing is true and correct.

Dated: July 13 2007
    Wilmington, Delaware

Christopher M. Winter (DE 4163)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:    cmwinter@duanemorris.com