fUNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ALARM ONE, INC. AND PETER MALTBY,<br><br>          Defendant. | Civil Action No. 1:07-cv-00371 |

## ALARM ONE'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Dated: July 17, 2007

Michael R. Lastowski (DE 3892)
Christopher M. Winter (DE 4163)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:  mlastowski@duanemorris.com
         cmwinter@duanemorris.com

*Of counsel*:

Edward J. Naughton (BBO #600059)
Geraldine Aine (BBO #665578)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone:  (617) 523-2700
E-mail:  edward.naughton@hklaw.com
         geraldine.aine@hklaw.com

**TABLE OF CONTENTS**

I.       ARGUMENT……………………………………………………………………..1

II.      CONCLUSION…………………………………………………………………..2

# TABLE OF CITATIONS

## FEDERAL CASES

*South Bethany v. Cat Hill Water Co., Ltd.,* 1994 WL 234177 (Del. Super., May 12, 1994)..... 2

*See Watkins v. New Castle County,* 2004 WL 396296 (D.Del., March 2, 2004) ……..…..…..2

Defendant Alarm One, Inc. ("Alarm One") hereby opposes the motion of plaintiff Security Networks LLC ("Security Networks") to remand this case to Delaware state court. At the outset, before considering the motion to remand, this Court should first address the defendants' motions to dismiss, in which they demonstrate that this Court cannot properly exercise personal jurisdiction over them. In all events, the removal was proper, as all of the defendants consented to and joined it, and this Court has diversity jurisdiction over this action because there is diversity between the parties and the amount in controversy far exceeds $75,000.

## ARGUMENT

### I. THE COURT SHOULD FIRST ADDRESS THE THRESHOLD JURISDICTIONAL ISSUE

Before considering Security Networks' motion to remand, this Court should address the threshold issue of whether the defendants are even subject to jurisdiction in Delaware. *Town of South Bethany v. Cat Hill Water Co., Ltd.*, 1994 WL 234177, at *1-2 (Del. Super., May 12, 1994) ("[I]t is proper to resolve [a] motion to dismiss in the first instance and [a] motion for remand in the second instance").

As demonstrated in their moving papers, the defendants have no presence at all in Delaware. Alarm One does not maintain an office in Delaware. It does not have any employees in Delaware. It does not maintain a bank account, or any other contacts that would subject it to jurisdiction. Accordingly, this Court should dismiss the complaint for lack of personal jurisdiction.

### II. REMOVAL IS PROPER BECAUSE ALL DEFENDANTS CONSENTED TO AND JOINED IN THE REMOVAL OF THIS ACTION

If the Court were to address the motion to remand, it should find that removal was proper and deny the motion. Security Networks insists that removal was improper because defendant Peter Maltby ("Maltby") did not file a written consent to Alarm One's removal. Plaintiff's argument is misguided.

1

Alarm One removed this action to this Court on June 11, 2007. Maltby is the chief executive officer and sole shareholder of Alarm One. Alarm One removed the case with Maltby's knowledge, consent, and approval. *See* Declaration of Peter Maltby ¶2. As this Court has noted, Maltby's concurrence in the removal of this case is sufficient, as it was given prior to removal. *See Watkins v. New Castle County*, WL 396296, at *1 (D. Del., March 2, 2004) (consent sufficient when defendants noted their concurrence in the removal of the case and provided affidavits indicating that consent was provided prior to removal). Maltby further demonstrated his consent to and joinder in the removal when he filed his motion to dismiss in this Court.

Security Networks does not deny that this Court has subject matter jurisdiction over its claims. There is no dispute that the defendants are citizens of other states, and the amount in controversy well exceeds $75,000. Accordingly, removal is proper, and this Court should deny Security Networks' motion to remand the case to Delaware Chancery Court.

## CONCLUSION

For all of these reasons, the Court should deny Security Networks' motion to remand.

Respectfully submitted,

ALARM ONE, INC.

By its attorneys,

_____
Michael R. Lastowski (DE 3892)
Christopher M. Winter (DE 4163)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:     mlastowski@duanemorris.com
            cmwinter@duanemorris.com

2

                    *Of counsel*:

                    Edward J. Naughton (BBO #600059)
                    Geraldine Aine (BBO #665578)
                    HOLLAND & KNIGHT LLP
                    10 St. James Avenue
                    Boston, MA 02116
                    Telephone:  (617) 523-2700
                    E-mail:      edward.naughton@hklaw.com
                                  geraldine.aine@hklaw.com

Dated: July 17, 2007

\# 4670803_v2

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC,<br>    Plaintiff,<br>vs.<br>ALARM ONE, INC., and PETER MALTBY,<br>    Defendants. | Civil No. 1:07-cv-00371 (***) |

### DECLARATION OF PETER MALTBY

I, Peter Maltby, declare as follows:

1. I am over the age of nineteen (19) years and am in no way disabled from making this Declaration. I give this Declaration based on my personal knowledge of the matters set forth herein, unless otherwise noted.

2. I make this Declaration in support of *Alarm One's Opposition to Plaintiff's Motion to Remand*.

3. I am the founder and CEO of Alarm One, Inc., ("**Alarm One**"), one of the named defendants in this matter.

4. On June 11, 2007, Alarm One filed for removal. Prior to this date, I consented to removal of this action from Delaware Chancery Court to this Court, and I reaffirm my concurrence by way of this Declaration.

5. On June 28, 2007, I filed a Motion to Dismiss in this Court, further demonstrating that I joined and consented in Alarm One's removal.

801786.1

6.  I am informed and believe that this action was properly removed. There is diversity jurisdiction, as I am a citizen of Utah, and the amount in controversy is in excess of $75,000.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 17 day of July 2007.

_____
Peter Maltby

# UNREPORTED CASES

Westlaw.

Not Reported in F.Supp.2d                                                                                                                        Page 1
Not Reported in F.Supp.2d, 2004 WL 396296 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Watkins v. New Castle County
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Joyce WATKINS, Dawn Bottjer, and Gwendolyn Resop, Plaintiffs,
v.
NEW CASTLE COUNTY, Town of Elsmere, and Town of Newport, Defendants.
TOWN OF NEWPORT, Cross-Claimant and Cross-Defendant,
v.
NEW CASTLE COUNTY and Town of Elsmere, Cross-Defendants and Cross-Claimants.
No. Civ.A. 03-791-KAJ.

March 2, 2004.

L. Vincent Ramunno, Ramunno & Ramunno, P.A., Wilmington, DE, for Plaintiffs.
Erika L. Sokoloff, Megan Kochell D'Iorio, New Castle County Law Dept., New Castle, DE, Edward M. McNally, Alisa Erenshteyn, Morris, James, Hitchens & Williams, Bruce C. Herron, Akin & Herron, P.A., Wilmington, DE, for Defendants.

MEMORANDUM ORDER
JORDAN, J.
*1 Before me is plaintiffs' Amended Motion to Remand this case to the Superior Court of the State of Delaware in and for New Castle County, from which the action was removed. (Docket Item [" D.I." ] 9; the " Motion" .) The only basis plaintiffs have articulated for remand is that " only one of three defendants ... [has] requested removal." (Id. at ¶ 4.) All defendants, however, have noted their concurrence in the removal of this case (D.I.14), and they have provided affidavits indicating that consent was provided prior to removal. (See id. at Exhibits A and B.) Thus, even if there were a requirement that all defendants in a case must agree to removal before removal is proper, as plaintiffs claim, that requirement was met in this case.

Accordingly, IT IS HEREBY ORDERED that the Motion (D.I.9) is DENIED.

D.Del.,2004.

Watkins v. New Castle County
Not Reported in F.Supp.2d, 2004 WL 396296 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d

Page 1

Not Reported in A.2d, 1994 WL 234177 (Del.Super.)

(Cite as: Not Reported in A.2d)

H
Town of South Bethany v. Cat Hill Water Co., Ltd.
Del.Super.,1994.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
The TOWN OF SOUTH BETHANY
v.
CAT HILL WATER COMPANY, LTD., et al.
C.A. No. 93C-04-004.

May 12, 1994.

Bruce C. Herron, Sawyer & Akin, P.A., Wilmington.
John A. Sergovic, Jr., Sergovic & Ellis, P.A., Georgetown.
GRAVES, Judge.
*1 I have before me the motion of Cat Hill Water Company, Ltd. ("Cat Hill") and Goodwin H. Taylor, Jr. ("Taylor") to add additional counter-defendants pursuant to Super.Ct.Civ.R. 13(h). Plaintiff Town of South Bethany ("South Bethany") opposes this motion on the ground that *res judicata* precludes Cat Hill and Taylor from making their proposed claims. I will set forth below the facts leading up to this point in the proceedings, and then I will suggest a step which Cat Hill and Taylor may take which may resolve the procedural issue raised in the pending motion.

On April 5, 1993, South Bethany filed a complaint against Cat Hill and Taylor. This complaint seeks relief from disputes regarding whether South Bethany or Taylor owns land on which Cat Hill's water facilities are located and whether South Bethany or Cat Hill should be in possession of that land.

On May 28, 1993, Cat Hill and Taylor filed an answer, counterclaim and third-party complaint in response to South Bethany's complaint. In the counterclaim, Cat Hill and Taylor alleged that South Bethany has deprived them of their statutory and constitutional rights and caused them to suffer inverse condemnation for which just compensation has not been paid. They made the same allegations in a third-party complaint against South Bethany's Mayor and Council Members.

On August 4, 1993, the Mayor and Council Members filed notice of removal of the action to the Federal District Court in and for the District of Delaware ("District Court") because the District Court had original jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1441(b). The Mayor and Council Members also moved to dismiss the third-party complaint for failure to state a claim upon which relief may be granted on three grounds. The pertinent ground was that the third-party complaint did not allege third-party defendants are or may be liable for all or part of plaintiff's claims as Federal Rules of Civil Procedure ("F.R.C.P."), Rule 14(a) requires.

In a motion dated August 31, 1993, Cat Hill and Taylor moved to remand the action to Superior Court. In that motion, Cat Hill and Taylor conceded their third-party complaint against the Mayor and Council Members did not meet the requisites of F.R.C.P., Rule 14(a), and that they should have sought leave to join the Mayor and Council Members as parties to their counterclaim against South Bethany pursuant to Super.Ct.Civ.R. 13(h). Cat Hill and Taylor expressed an intention to correct this problem. However, they requested the District Court remand the matter rather than dismiss it.

The District Court entered its order addressing the parties' motions on November 1, 1993. Therein, the Court stated in pertinent part:
WHEREAS, ... third-party defendants filed a motion to dismiss said Third-Party Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted ...;

*2 WHEREAS, the Court finds it has jurisdiction over this case pursuant to said Notice of Removal and the authority cited in support thereof, and further finds that it is proper under the circumstances at bar to resolve the motion to dismiss in the first instance and the motion for remand in the second instance;
WHEREAS, consistent with the foregoing concession by third-party plaintiffs, the Court finds that the Third-Party Complaint is properly dismissed;
WHEREAS, consistent with dismissal of the Third-Party Complaint, which formed the basis for removal, the Court further finds that the motion to remand is properly granted;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                    Page 2
Not Reported in A.2d, 1994 WL 234177 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

THEREFORE, IT IS ORDERED ... that:
1. Third-party defendants' motion to dismiss is granted....
2. Third-party plaintiffs' motion to remand is granted....
3. This case hereby is remanded.

The motions before the District Court did not involve the merits of the third-party complaint; they merely concerned procedural issues. The District Court never considered or addressed the merits of the third-party complaint; it addressed only a procedural issue. However, the District Court did not state that its dismissal did not operate as an adjudication upon the merits. Now, in opposition to Cat Hill and Taylor's pending motion, South Bethany argues that due to F.R.C.P., Rule 41(b),FN1 the District Court's dismissal operates as an adjudication on the merits of the third-party complaint, and accordingly, Cat Hill and Taylor may not make these claims pursuant to Super.Ct.Civ.R. 13(h).

> FN1. In F.R.C.P., Rule 41(b), it is provided in pertinent part:
> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to ... comply with these rules ..., a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Before this Court attempts to deal with this issue, it asks Cat Hill and Taylor whether they will move for relief from judgment pursuant to F.R.C.P., Rule 60(a). The lack of a statement in the District Court's order to the effect that the dismissal was not an adjudication on the merits appears to this Court to be a simple oversight or omission which, if corrected, will resolve the issue raised in the pending motion. Accordingly, this Court will hold this matter in abeyance until Cat Hill and Taylor notify it whether they plan to seek Rule 60(a) relief from the District Court's order. The Court requests that Cat Hill and Taylor respond to this inquiry on or before May 18, 1994. If Cat Hill and Taylor represent they plan to seek such relief, then the Court will hold a consideration of the pending motion in abeyance until the District Court rules on their request. If they seek such relief, the Court requests that the parties provide it with copies of all correspondence to the District Court in connection with this matter.

Del.Super.,1994.
Town of South Bethany v. Cat Hill Water Co., Ltd.
Not Reported in A.2d, 1994 WL 234177 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALARM ONE, INC. AND PETER MALTBY,<br><br>Defendant. | Civil Action No. 1:07-cv-00371 |

### CERTIFICATE OF SERVICE

I, Christopher M. Winter, certify that I am not less than 18 years of age, and that service of a copy of *Alarm One's Opposition to Plaintiff's Motion to Remand* was made on July 17, 2007 upon the individuals listed below in the manner indicated:

*Via Hand Delivery*
David E. Wilks, Esquire
Katharine V. Jackson, Esquire
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

*Via Hand Delivery*
Francis A, Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
WOMBLE CARLYLE SANDRIDGE & RICE
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

*Via First Class Mail, Postage Pre-Paid*
Edward J. Naughton, Esquire
Geraldine Aine, Esquire
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116

Under penalty of perjury, I declare the foregoing is true and correct.

Dated: July 17 2007
Wilmington, Delaware

Christopher M. Winter (DE 4163)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:    cmwinter@duanemorris.com

DM3\542009.1