**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| SECURITY NETWORKS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ALARM ONE, INC., and **PETER MALTBY**, <br><br> Defendants. | Civil No. 1:07-cv-00371 (***) |

**REPLY MEMORANDUM IN SUPPORT OF PETER MALTBY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Peter Maltby ("**Maltby**"), by and through counsel, hereby files this reply memorandum in support of his *Motion to Dismiss for Lack of Personal Jurisdiction* (the "**Motion**").

**I.     INTRODUCTION**

In his Motion, Maltby demonstrated that he has no contacts with Delaware sufficient for this Court to exercise jurisdiction over him without violating the Due Process Clause of the Fourteenth Amendment.  Plaintiff Security Networks, LLC ("**Security Networks**") offers no evidence of any substance to rebut Maltby's showing.  Instead, Security Networks argues that Maltby consented to jurisdiction in Delaware, despite the fact that the provision of the APA[1] at issue in this case <u>does not</u> mandate jurisdiction in Delaware.

---
[1]     All capitalized terms not defined herein shall have the meanings given to such terms in the *Memorandum in Support of Motion of Peter Maltby for Lack of Personal Jurisdiction*, dated June 28, 2007.

WCSR 3656223v1

## II.    ARGUMENT

Security Networks bears the burden of pleading and proving that this Court can assert personal jurisdiction over Maltby within the limits of the long-arm statute and the Due Process Clause. Blue Ball Prop., Inc. v. McClain, 658 F.Supp. 1310, 1314 (D. Del. 1987). Security Networks has failed to carry its burden and has not even attempted to rebut Maltby's showing that Maltby has no contacts with Delaware.

Instead, Security Networks argues that the APA's choice of Delaware law and a provision in the APA stating that certain issues unrelated to Maltby or the issues before this Court would be arbitrated in Delaware somehow constitutes Maltby's consent to jurisdiction in Delaware. This argument is without merit.

The Supreme Court has unequivocally rejected the idea that a contractual choice of a forum's law subjects a party to jurisdiction in that forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 481-82 (1985). Rather, a proper jurisdictional analysis must consider all of the circumstances of the contractual relationship. Here, Security Networks does not dispute that all of the relevant factors weigh against the assertion of jurisdiction. For instance, Maltby does not reside, nor has he ever resided, in Delaware; he has no assets in Delaware; he has not contracted to supply services in Delaware, nor does he transact business of any kind in Delaware. Maltby Decl. ¶¶ 6-10. None of the other parties to this action reside in Delaware, and the APA was negotiated and performed outside of Delaware. Maltby Decl. ¶¶ 3-4; 12-14. Maltby simply has no contacts sufficient to submit him to the jurisdiction of this Court.

The only circumstance Security Networks can seize upon in its effort to have this Court assert jurisdiction over Maltby is an arbitration provision in the APA that provides that certain disputes will be resolved through arbitration before the AAA in Wilmington, Delaware. APA ¶ 8.3. However, such provision specifically excludes any dispute as to the final purchase

2

price under the APA. Id. The parties specifically agreed that any disputes over adjustments to

the purchase price would be resolved by Benchmark Partners, a Connecticut consulting firm.

APA ¶ 2.1. After entering into the APA, the parties disputed the final purchase price and

submitted the dispute to Benchmark Partners. Maltby ¶ Decl.15. It is from Benchmark's review,

conducted by phone and email between Connecticut, California, and Florida, that this action

arises.

Moreover, Maltby is a signatory to the APA solely with respect to Section 2.1 of the APA

and no other provision. APA at 24. There is nothing in Section 2.1 that suggests Maltby

consented to jurisdiction in Delaware. Section 2.1 provides that if purchase price disputes are

not resolved in the time allowed by the APA, "the parties agree to promptly engage Benchmark

Partners (the "Independent Arbiter") to resolve the dispute within 30 days after such

engagement." APA ¶ 2.1. Despite Security Networks' arguments to the contrary, Maltby's

joinder in this discrete provision of the APA cannot now be stretched to include consent to

Delaware jurisdiction. Maltby has not consented to any proceeding in Delaware.

## III.    CONCLUSION

Security Networks has failed to show that Maltby is subject to the jurisdiction of this Court. As such, Maltby respectfully requests that this Court enter an Order (i) granting this Motion, (ii) dismissing the Verified Complaint based on lack of personal jurisdiction over Maltby, and (iii) granting Maltby any other relief that may be just and equitable under the circumstances.

DATED this 20th day of July, 2007.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

Francis A. Monaco, Jr. (#2078)
Kevin Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

-and-

Jerome Romero (USB #5139)
Troy J. Aramburu (USB #10444)
JONES, WALDO, HOLBROOK, & McDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

WCSR 3656223v1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **SECURITY NETWORKS, LLC**, <br><br> Plaintiff, <br><br> vs. <br><br> **ALARM ONE, INC.**, and **PETER MALTBY,** <br><br> Defendants. | Civil No. 1:07-cv-00371 (***) |

## CERTIFICATE OF SERVICE

      **I, Kristie L. Dalton, certify that I am not less than 18 years of age, and that service of the foregoing document was made on July 20, 2007 upon:**

David E. Wilks, Esquire
Reed Smith LLP
1201 Market Street, Ste. 1500
Wilmington, DE 19801
dwilks@reedsmith.com

Michael R. Lastowski, Esquire
Christopher Winter, Esquire
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
mlastowski@duanemorris.com

Edward Naughton, Esquire
Geraldine Aine, Esquire
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
Edward.naughton@hklaw.com

      Under penalty of perjury, I declare that the foregoing is true and correct.

                    /s/ Kristie L. Dalton
Date   7/20/07           Kristie L. Dalton

WCSR 3656228v1