**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SECURITY NETWORKS, LLC,   )<br>                                                           )<br>            Plaintiff,                         )<br>     v.                                             )     C.A. No. 07-371 ***<br>                                                           )<br>ALARM ONE, INC. and PETER MALTBY  )<br>                                                           )<br>            Defendants.                    ) | |

**SECURITY NETWORKS, LLC'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO REMAND**

Dated: July 24, 2007

David E. Wilks (Del. I.D. No. 2793)
Katharine V. Jackson (Del. I.D. No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801-1163
(302) 778-7500

*Counsel for Plaintiff Security Networks, LLC*

- i -

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................1

    A.    MALTBY'S FAILURE TO TIMELY COMMUNICATE HIS CONSENT TO REMOVAL IS A SUBSTANTIVE AND FATAL PROCEDURAL DEFECT ..........................................................................................................1

    B.    ALARM ONE HAS NOT ESTABLISHED ANY EXTRAORDINARY CIRCUMSTANCES JUSTIFYING A CURE OF THE PROCEDURAL DEFECT. .........................................................................................................3

    C.    THIS COURT SHOULD RULE ON SECURITY NETWORK'S MOTION TO REMAND BEFORE ADDRESSING ALARM ONE'S MOTION TO DISMISS. ...............................................................................4

CONCLUSION......................................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990) .................................................................. 1

*Carter v. Ingersoll-Rand Co., Inc.*, 2001 WL 238540 (E.D.Pa.) ............................................................. 2

*Chrustowski v. Cumerland Co. Guidance Center*, 2006 WL 3780555 (D.N.J.) ............................ 4

*Evanston Ins. Co. v. Cozen O'Conner, P.C.*, 2007 WL 869614 (D.N.J.) ........................................ 2

*Feldman v. Gueson*, 2000 WL 633028 (E.D.Pa.) ..................................................................................... 5

*Fellhauer v. City of Geneva*, 673 F.Supp. 1445 (D.Ill. 1987) ............................................................. 2

*Fort James Corp. v. Beck*, 2003 WL 345350 (D. Del.) ......................................................................... 5

*Gratz v. Murchison*, 130 F.Supp. 709 (D.Del. 1955) ......................................................................... 2, 4

*Green v. Target Stores, Inc.*, 305 F.Supp.2d 448 (E.D.Pa. 2004) .................................................. 1, 2

*Hicks v. Monaco Coach Corp.*, 2006 WL 3780703 (D.N.J.) .............................................................. 1, 2

*Kendall v. Onebeacon Am.*, 2997 WL 1031249 (E.D.Pa.) ...................................................................... 5

*McKenna v. NCL Am. In.*, 2005 WL 2839931 (D.Del.) ........................................................................ 5

*Michaels v. State of New Jersey*, 955 F.Supp. 315 (D.N.J. 1996) ............................................... 1, 2, 4

*Morganti v. Armstrong Blum Mfg. Co.*, 2001 WL 283135 (E.D. Pa. 2004) ............................ 1, 2, 3

*Nichols v. Bennett Detective & Protective Agency, Inc.*, 2006 WL 1530223 (D. Del.) ................. 1

*Ogletree v. Barnes*, 851 F.Supp. 184 (E.D.Pa. 1994) ........................................................................ 2

*Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994) ...................................................................................... 1

*Saterstad v. Stover*, 2006 WL 3791343 (M.D.Pa.) ............................................................................. 1

*Shamrock Holdings of Calif. v. Arenson*, 2005 WL 400198 (D. Del.) ............................................. 5

*Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ............................................................ 1

*Step Plan Services v. Koresko*, 219 Fed.Appx. 249 (3d Cir. 2007) .................................................. 1

*UPMC McKeesport v. Western & So. Life Assurance Co.*, 2006 WL 1023613 (W.D.Pa.) ............. 5

*UPMC Presby Shadyside v. Motel Hotel Assoc., Inc.*, 2006 WL 3484316 (W.D.Pa.) ................... 5

*Wal-Mart Stores, Inc. v. Electric Insurance Co.*, 2007 WL 137238 (D.N.J) ............................... 1, 4

*Winnick v. Pratt*, 2003 WL 2124467 (E.D.Pa.) ..................................................................................... 4

**Statutes**

28 U.S.C. § 1447 ............................................................................................................................... 1

**ARGUMENT**

A.   **MALTBY'S FAILURE TO TIMELY COMMUNICATE HIS CONSENT TO REMOVAL IS A SUBSTANTIVE AND FATAL PROCEDURAL DEFECT**

Federal district courts are courts of limited jurisdiction; therefore, the removal statutes must be strictly construed. *E.g., Wal-Mart Stores, Inc. v. Electric Insurance Co.*, 2007 WL 137238, *3 (D.N.J), citing *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The removal statute, 28 U.S.C. § 1447 ("§ 1447"), requires that all defendants consent or join in a notice of removal. *E.g., Step Plan Services v. Koresko*, 219 Fed.Appx. 249, 250 (3d Cir. 2007); *Nichols v. Bennett Detective & Protective Agency, Inc.*, 2006 WL 1530223, * 1 n.2 (D. Del.). This rule of unanimity furthers "the congressional purpose of giving deference to a plaintiff's choice of state forum and of resolving doubts against removal in favor of remand." *E.g.*, *Wal-Mart Stores*, 2007 WL 137238 at * 3, quoting *Shamrock*, 313 U.S. at 108; *Hicks v. Monaco Coach Corp.*, 2006 WL 3780703, *1 (D.N.J.).

The federal district courts of the Third Circuit, strictly construing the removal statues, require that such consent be voiced in "express, official and unambiguous terms" by, for example, signing the removal notice or filing an affidavit of joinder to a removal notice. *Saterstad v. Stover*, 2006 WL 3791343, *2 (M.D.Pa.) (quoting *Morganti v. Armstrong Blum Mfg. Co.*, 2001 WL 283135, *2 (E.D. Pa. 2004); *also Green v. Target Stores, Inc.*, 305 F.Supp.2d 448, 450-1 (E.D.Pa. 2004); *Michaels v. State of New Jersey*, 955 F.Supp. 315, 321 (D.N.J. 1996) ("[M]ost courts have required some form of unambiguous written evidence of consent to the court in timely fashion") (citing, *e.g.*, *Roe v. O'Donohue*, 38 F.3d 298, 310 (7th Cir. 1994)). Thus, a single defendant's averment of consent in a removal notice is insufficient. *Green*, 305

F.Supp.2d 448, 450 (E.D.Pa. 2004). Likewise, letters between counsel for co-defendants and voice mail messages that both evidence consent and pre-date a removal notice are also insufficient. *Carter v. Ingersoll-Rand Co., Inc.*, 2001 WL 238540, *2 (E.D.Pa.). Similarly insufficient is a defendant's filing of unrelated documents with a court after the filing of a removal notice. *Morganti*, 2001 WL 283135 at *2. Even if defendants can "[offer] evidence that there had been a meeting of the minds on the removal petition," if those defendants fail to expressly, officially and unambiguously voice their consent directly to the court, a notice of removal is procedurally defective. *Green*, 305 F.Supp.2d at 451. A failure to render this consent is not a merely a technical, but rather a substantive, defect. *Carter*, 2001 WL 238540 at *3 (citing *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1449 (D.Ill. 1987).

Moreover, to avoid the effect of that defect, all defendants' express, official and unambiguous consent to removal must be communicated directly to the court within the statutorily prescribed 30-day time period. *Evanston Ins. Co. v. Cozen O'Conner, P.C.*, 2007 WL 869614, *1 (D.N.J.); *Hicks*, 2006 WL 3780703, *1; *Morganti*, 2001 WL 283135 at *2, citing *Ogletree v. Barnes*, 851 F.Supp. 184, 188 (E.D.Pa. 1994); *Carter,* 2001 WL 238540 at *1 (E.D.Pa.) ("[W]ell established is the rule that each defendant must join in the notice of removal or express its consent to removal within the thirty-day period defined in § 1446(b)") (internal citations omitted); *Michaels v. State of New Jersey*, 955 F.Supp. at 321. If a "petition for removal [is] defective…[it] cannot be cured by filing affidavits long after the time limits for grounds for removal." *Gratz v. Murchison*, 130 F.Supp. 709, 713 (D.Del. 1955) (internal citations omitted).

In the present matter, there can be no dispute that defendant Peter Maltby did not evidence his consent to removal during the 30-day removal period. Therefore, Alarm One's

removal notice is procedurally defective. The filing of an affidavit of consent 18 days after the 30-day deadline[1] is not consent that is timely, express, official and unambiguous. Likewise, Maltby's participation in litigation in this Court up until this point does not constitute express, official and unambiguous consent. *See Morganti*, 2001 WL 283135 at *2 (the filing of an entry of appearance is not deemed express, official and unambiguous consent to removal). Indeed, after removal, Maltby was unable to make filings anywhere but in this Court. That Maltby may have agreed to removal *in fact* has no bearing on whether Alarm One's removal notice is defective; indeed, the question turns on whether Maltby unambiguously and officially expressed his consent directly to the Court before the 30-day time limitation. Requirements for removal are strictly construed. Defendants failed to observe these requirements and remand is the only appropriate result.

Moreover, Alarm One appears to argue that because it and Maltby are closely connected, *i.e.*, Maltby is the chief executive officer and sole shareholder of Alarm One, Maltby is therefore a "nominal" party and thus not subject to the unanimity requirement. *See* Ans. Br. at 2. Such an argument, however, seeks to disregard the corporate form and is wholly unmerited. Maltby's liability is not identical to Alarm One's and Maltby can in no way be considered a nominal party.

**B.  ALARM ONE HAS NOT ESTABLISHED ANY EXTRAORDINARY CIRCUMSTANCES JUSTIFYING A CURE OF THE PROCEDURAL DEFECT.**

A court may allow a defendant to cure a defective notice of removal after the 30-day time limitation in "extraordinary circumstances" or in the interests of justice. *Michaels v. State of*

---

[1] Maltby was served with the Verified Complaint on May 30, 2007, well before Alarm One filed its removal papers. Maltby's 30-day deadline to file a notice of removal pursuant to § 1447 was June 29, 2007. The Declaration of Peter Maltby was filed on July 17, 2007.

*New Jersey*, 955 F.Supp. at 322; *Wal-Mart Stores*, 2007 WL 137238 at *3-4.  Alarm One, however, has not offered any evidence of extraordinary circumstances.  Nor has it explained why a denial of Security Network's Motion to Remand would be in the interests of justice.  Accordingly, Alarm One's belated attempt to unilaterally cure its defective removal notice after the 30-day time limitation — without judicial approval — should not be countenanced.  *See Gratz,* 130 F.Supp. at 713 (affidavit stating that non-consenting defendant is nominal filed after deadline is insufficient to cure defect).

### C. THIS COURT SHOULD RULE ON SECURITY NETWORK'S MOTION TO REMAND BEFORE ADDRESSING ALARM ONE'S MOTION TO DISMISS.

This Court should first assess the Motion to Remand to avoid the prejudice that a determination by this Court on jurisdictional issues would create.  Any determination of the jurisdictional issue would create implications extending beyond this Court and into any state or federal court litigation that might follow.  A court that is disallowed from hearing an action from the outset by virtue of the removal statutes should avoid creating such an effect.  Indeed, courts in this circuit choose to refrain from making substantive rulings where removal motions are pending.  *Chrustowski v. Cumerland Co. Guidance Center*, 2006 WL 3780555, *2 (D.N.J.)[2]; *Winnick v. Pratt*, 2003 WL 2124467 (E.D.Pa.)[3].

---

[2] "The Court concludes that once a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first [before motions to dismiss] because, if granted, the case is remanded back to the court of initial jurisdiction for proceedings. This approach is consistent with the well-established principle that federal courts are of limited jurisdiction."

[3] Granting a motion to remand, the Court stated that "where the defendant conceded that the reason for removal was to have the federal court dismiss the case for lack of jurisdiction, 'such a frivolous, self-defeating invocation of federal procedure cannot be countenanced'" (quoting *Baas v. Eliot*, 71 F.R.D. 693, 694 (E.D.N.Y. 1976)).

Other federal district courts of the Third Circuit, including the District Court for the District of Delaware, have denied as moot motions to dismiss when a plaintiff moved successfully for remand or have stayed motions to dismiss until the resolution of a motion to remand.  *E.g., Kendall v. Onebeacon Am.*, 2997 WL 1031249 (E.D.Pa.); *Chrustowski*, 2006 WL 3780555 at *2; *UPMC Presby Shadyside v. Motel Hotel Assoc., Inc.*, 2006 WL 3484316 (W.D.Pa.);  *UPMC McKeesport v. Western & So. Life Assurance Co.*, 2006 WL 1023613 (W.D.Pa.); *McKenna v. NCL Am. In.,* 2005 WL 2839931 (D.Del.); *Shamrock Holdings of Calif. v. Arenson*, 2005 WL 400198 (D. Del.); *Fort James Corp. v. Beck*, 2003 WL 345350 (D. Del.); *Feldman v. Gueson*, 2000 WL 633028 (E.D.Pa.).  Accordingly, Security Networks respectfully submits that this Court should consider first Security Network's Motion to Remand and save for the Delaware Court of Chancery the task of adjudicating defendants' motions to dismiss.

## **CONCLUSION**

The requirements of removal procedure must be strictly construed and any doubts must be resolved in favor of the plaintiff, Security Networks. Alarm One undeniably failed to provide the Court with Maltby's express, official and unambiguous consent within the statutorily prescribed 30-day time limitation. Nor has it offered any evidence justifying why the Court should allow it to cure its defective removal notice. Security Networks accordingly respectfully requests that the Court grant its Motion to Remand.

Respectfully submitted,

Dated: July 24, 2007

By:___/s/ Katharine V. Jackson_____
David E. Wilks (Del. I.D. No. 2793)
Katharine V. Jackson (Del. I.D. No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801-1163
(302) 778-7500

*Attorneys for Plaintiff Security Networks, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALARM ONE, INC. and PETER MALTBY )<br>)<br>Defendants. ) | C.A. No. 07-371 *** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 24, 2007, a copy of ***Security Networks, LLC's Reply Brief in Support of its Motion to Remand*** was served on the following parties via e-mail in the manner indicated on the following counsel of record:

| | |
|---|---|
| Francis A. Monaco, Jr., Esquire<br>Kevin J. Mangan, Esquire<br>Monzack & Monaco, PA<br>1201 N. Orange Street, Suite 400<br>Wilmington, DE 19801<br>fmonaco@monlaw.com<br>kmangan@monlaw.com | Jerome Romero, Esquire<br>Troy J. Aramburu<br>Jones, Waldo, Holbrook & McDonough, P.C.<br>170 South Main Street, Suite 1500<br>Salt Lake City, UT 84101<br>jromero@joneswaldo.com<br>taramburu@joneswaldo.com |
| Michael R. Lastowski, Esquire<br>Duane Morris, LLP<br>1100 North Market St., Suite 12000<br>Wilmington, DE 19801<br>mlastowski@duanemorris.com | Edward J. Naughton, Esquire<br>Geraldine Aine, Esquire<br>Holland & Knight, LLP<br>10 St. James Avenue<br>Boston, MA 02116<br>edward.naughton@hklaw.com<br>geraldine.aine@hklaw.com |

_____
Katharine V. Jackson (Del. I.D. No. 4800)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801-1163
(302) 778-7500
kjackson@reedsmith.com