# Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

Edward J. Naughton
617 854 1401
edward.naughton@hklaw.com

July 31, 2007

**By hand**

The Honorable Mary Pat Thynge
U.S. District Court, District of Delaware
844 North King Street
Lock Box 8
Wilmington, DE 19801

    Re:   *Security Networks, LLC v. Alarm One, Inc., et al.*
           Civil Action No. 07-371-\*\*\*

Dear Magistrate Judge Thynge:

    We write on behalf of Alarm One, Inc. ("Alarm One") in response to the letter and proposed scheduling order filed yesterday by counsel for Security Networks, LLC ("Security Networks").

    As Your Honor is aware, Alarm One and Peter Maltby ("Maltby") have filed motions to dismiss this action on the ground that they are not subject to personal jurisdiction in this Court. In view of those motions and their objections to the assertion of personal jurisdiction, Alarm One and Maltby are constrained from participating in this action until there has been a ruling, lest they be deemed to have waived their jurisdictional objections. More importantly, the very essence of their objections is that they should not be forced to defend Security Networks' claims in this Court. Security Networks, for its part, has sought to remand this case to state court.

    Accordingly, Alarm One and Maltby have submitted a proposed schedule, without prejudice to their jurisdictional challenges, that would be triggered if the Court were to deny their motions to dismiss. The schedule proposed by Alarm One and Maltby differs in several significant respects from the schedule submitted by Security Networks. The differences arise because, respectfully, Security Networks' characterization of this case is not accurate.

    This case arises from Security Networks' purchase of assets from Alarm One; Security Networks seeks a reduction of the purchase price that it agreed to pay to Alarm One. In accordance with the parties' asset purchase agreement, the parties obtained the input of a consulting firm, Benchmark Performance Partners ("Benchmark"), which conducted an informal review of certain information. Benchmark's review was not an arbitration, and, indeed, the informal Benchmark review process was expressly carved out of the general arbitration clause in

Atlanta • Bethesda • Boston • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • San Francisco
Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas\* • Helsinki\* • Mexico City • Tel Aviv\* • Tokyo • \*Representative Office

The Honorable Mary Pat Thynge
July 31, 2007
Page 2

the parties' agreement. There were no hearings, no witnesses, no testimony, and no award. Benchmark simply conducted some conference calls, reviewed some information, and issued a draft report to the parties. Benchmark solicited comments on the draft report. Security Networks did not submit any comments. Alarm One submitted extensive written comments, pointing out that Benchmark's review contained a number of basic errors. Benchmark never responded to those comments, despite having solicited them. Security Networks then filed suit to "confirm" Benchmark's review.

If this case proceeds, whether in this Court or in one that has jurisdiction over Alarm One and Maltby, a threshold issue will be the treatment of Benchmark's review. It will be apparent, as it may already be from the abbreviated discussion above, that Benchmark's review is unfinished, at best, or, if finished, simply wrong. It will thus be necessary to conduct both fact and expert discovery to present a case for trial.

Alarm One's proposed scheduling order recognizes these realities; Security Networks' does not. Alarm One proposes a schedule that is rather streamlined, but one that allows the parties time to prepare their cases.

We propose, therefore, that the Court defer entry of a scheduling order until there have been rulings on Alarm One's and Maltby's pending motions to dismiss for lack of personal jurisdiction. If those motions are denied, the enclosed scheduling order will provide the parties with time, albeit short, to prepare their cases for trial.

Thank you for your consideration.

Very truly yours,

HOLLAND & KNIGHT LLP

Edward J. Naughton

Enclosure
cc:   Kevin Magnan, Esquire
      David Wilks, Esquire

# 4602300_v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 07-371 *** |
| | ) |
| ALARM ONE, INC. and PETER MALTBY | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] SCHEDULING ORDER

As this Court is aware, pending before this Court are Defendants' motions to dismiss for lack of jurisdiction. When a defendant raises jurisdictional objections, courts may – and routinely do – issue orders under staying merits- related discovery. *E.g., Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (citing cases). The rationale behind these decisions is straightforward: when a particular issue may be dispositive of a case, the court should stay discovery concerning other issues until the critical issue is resolved. 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d Ed. 1994) (citing cases). This principle of judicial parsimony applies with special force when the critical issue is jurisdictional, as it is here, because the essence of a jurisdictional challenge is that the defendant should not be required to defend the case at all in the forum. *See Orchid Biosciences*, 198 F.R.D. at 675. Indeed, if Alarm One were to respond to discovery, it would run the risk that it will be found to have waived its jurisdictional objections. Accordingly, Defendants are constrained from agreeing to an order or making discovery until there has been a ruling on the motions pending before this Court.

Defendants are mindful of their discovery obligations. In the event that Defendants' motions are denied, Defendants are prepared to submit the following proposed scheduling order, which would be effective from the date on which this Court rules on Defendants' motions to

dismiss. Defendants make this submission without prejudice to and without waiving the jurisdictional objections currently pending before the Court, and reserving all of their rights and positions.

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings shall be filed within 45 days of the date of this Order.

3. <u>Discovery</u>

    a. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of five depositions upon oral examination, subject to the limitations set forth in Rule 30(d) of the Federal Rules of Civil Procedure.

    b. <u>Location of Depositions.</u> The deposition of any witness must take place within 100 miles of where that witness resides, is employed, or regularly transacts business.

    c. <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed within 120 days of the effective date of this Order. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise

ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d.    <u>Disclosure of Expert Testimony</u>. Expert disclosures in accordance with Federal Rule 26(b)(2) shall be made within 150 days of the effective date of this Order. Expert depositions shall be completed within 30 days following disclosures.

    e.    <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

        Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    5.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

    6.    <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

    7.    <u>Interim Status Report</u>. Within 90 days of the effective date of this Order, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

    8.    <u>Status Conference</u>. On _____, 2008, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ \_\_.m.. Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

    9.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed within 6 months of the effective date of this Order. Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On _____, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____.

12. <u>Motions in Limine</u>. Motions *in limine* shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Not applicable.

14. <u>Trial</u>. This matter is scheduled for a 2-day jury trial on _____. For the purpose of completing pretrial preparations, counsel should plan on each party being allocated a total of eight hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE