IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITY NETWORKS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-371-MPT |
| ALARM ONE INC. AND PETER MALTBY, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

**1. INTRODUCTION**

This is a dispute over the final purchase price of an asset purchase agreement ("APA") between the plaintiff, Security Networks and defendants, Alarm One Inc. ("Alarm One") and Peter Maltby ("Maltby").[1] After an independent arbiter's finding, Security Networks filed a verified complaint pursuant to 10 *Del. C* § 5713 in the Court of Chancery of the State of Delaware to confirm the award against Alarm One and Maltby. Both were served with the complaint on May 30, 2007. On June 11, 2007, Alarm One filed a notice of removal to the United States District Court for the District of Delaware. The notice did not indicate whether Maltby consented to or joined in the removal. On June 18, 2007, Alarm One filed a motion to dismiss based on lack of personal jurisdiction. Ten days later, Maltby filed a separate motion to dismiss on the same

---

[1] Security Networks is a Florida LLC. Alarm One is an Illinois corporation. Peter Maltby is the sole shareholder and chief executive officer of Alarm One and is independently represented in this matter.

basis. On June 29, 2007, Security Networks filed a motion to remand pursuant to 28 U.S.C. § 1447(c) on the grounds that the action was improperly removed from the Court of Chancery, because Maltby's failure to timely communicate his consent to removal was a substantive defect. On July 17, 2007, eighteen days past the deadline for including all parties in the notice of removal, Maltby filed an affidavit of consent. This is the court's decision on the motion to remand. The two motions to dismiss are not addressed herein.

## 2. BACKGROUND

The parties are in the home security alarm business. Security Networks negotiated for the purchase of Alarm One's tangible assets and customer contracts in and around Chicago, Illinois. The APA, dated December 23, 2005, set a closing payment, but left the final purchase price for the transferred assets subject to a 120 day post-closing evaluation of accounts by Security Networks. In the event of a dispute, the final value was subject to binding arbitration by Benchmark Performance Partners ("Benchmark"), an independent arbiter. On August 17, 2006, in accordance with the APA, Security Networks filed a demand for notice of arbitration before the American Arbitration Association in Wilmington, Delaware claiming that Alarm One misrepresented the assets sold under the agreement. The APA states that:

> Except with respect to Buyer electing to bring an action for specific performance of the Agreement (which action will be commenced and settled in a court of competent jurisdiction) or a dispute regarding the Final Purchase Price (which dispute will be settled by the Independent Arbiter), any controversy or claim arising out of or relating to the agreement will be settled by arbitration in Wilmington, Delaware in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "AAA"). Buyer and Seller agree that such location is the most convenient

forum for both parties.[2]

The APA provided arbitration to occur in Delaware; however, by agreement of and for the convenience the parties, it took place in Washington D.C. The arbitration panel stayed its determination pending an evaluation by Benchmark. In April 2007, the parties engaged Benchmark to arbitrate the dispute over the final purchase price. Benchmark evaluated the transaction and awarded Security Networks the amount of $1,133,042. To enforce the Benchmark award, Security Networks filed an action in the Court of Chancery which led to removal to this court as previously described herein.[3]

### 3. LEGAL STANDARD

Any civil action brought in state court of which the district court has original jurisdiction, may be removed to the district court for that district where such action is pending.[4] The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper[5] and with all doubts resolved in favor of remand.[6] Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure.[7] Under § 1447(b)

---

[2] Asset Purchase Agreement between Security Networks and Alarm One.

[3] The Governing Law Section 8.6 of the APA designates that the Agreement is governed by, construed and enforced in accordance with the laws of the State of Delaware without regard to its conflicts of law provisions.

[4] 28 U.S.C. § 1441(a), the removal statute, provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[5] See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

[6] See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).

[7] PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).

3

the "rule of unanimity" applies, where all defendants must join in or consent to the removal petition within thirty days of their receipt of the initial pleading.[8] "The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined."[9] Another exception exists where a non-resident defendant has not been served at the time the petition for removal is filed.[10] The rule of unanimity furthers "the congressional purpose of giving deference to a plaintiff's choice of state forum"[11] and to restrict federal diversity jurisdiction.[12]

## 4. POSITION OF THE PARTIES

Security Networks argues that the court should remand the current matter to the Court of Chancery because the notice of removal is procedurally defective. It contends that Maltby did not join the initial notice within the required thirty day removal period. That failure, according to Security Networks, rendered Maltby's notice by affidavit too late to be effective. It maintains that all parties must join within the procedural time limit, or the matter must be remanded. It states that federal district courts are of limited

---

[8] *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)); *see, e.g., Prowell v. West Chemical Products, Inc.* 678 F. Supp. 553, 554 (E.D. Pa. 1988).

[9] *Balazik*, 44 F.3d at 213 n.4.

[10] *Id.*

[11] *Wal-Mart Stores, Inc. v. Electric Insurance Co.*, 2007 WL 137238, *3 (D.N.J. Jan. 18, 2007) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

[12] *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 1987) (where subject matter jurisdiction was in question, the Court of Appeals remanded to the District Court for fact-finding on the amount in controversy); *see, e.g., Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The Fourth Circuit has made it clear, however, that removal statutes must be construed strictly against removal and that the burden of establishing the propriety of removal rests with the removing party.").

jurisdiction and therefore, procedural statutes must be strictly construed.[13] Security Networks contends that Maltby filed his affidavit of consent after the removal period, and therefore, failed to satisfy the statutory requirement. It posits that whether Maltby actually agreed to removal, has no bearing on whether Alarm One's removal notice is procedurally and fatally defective. Because federal courts have limited jurisdiction, consistent with that legal principle, Security Networks contends that the motion to remand must be decided before the motions to dismiss to avoid prejudice. Finally, it claims that Alarm One inappropriately removed the action in order to delay the proceedings, and as a result, it is entitled to costs and attorneys' fees expended on the present motion.

Alarm One argues that the court should decide its motion to dismiss for lack of personal jurisdiction prior to addressing the motion to remand. If the court addresses the remand first, it contends that removal was proper because Maltby is the chief executive officer and sole shareholder of Alarm One. It submits that the case was removed with Maltby's knowledge, consent and approval and that he demonstrated his consent when he filed his motion to dismiss. Finally, Alarm One states that the court has subject matter jurisdiction over the claims, and accordingly, removal is proper.

## 5. DISCUSSION

Generally, as stated previously herein, a defendant must file a notice of removal within thirty days of being served with the complaint.[14] Absent certain narrow

---

[13] See Wal-Mart Stores, Inc., 2007 WL 137238, at *3.

[14] 28 U.S.C. § 1446(b).

exceptions that are not applicable here, the removal statute requires that all defendants, who have been served with the complaint, must consent to a notice of removal in a multi-defendant case.[15] Not all jurisdictions agree that a procedural error alone, should lead to remand. In a non-precedential opinion, the Third Circuit comments that it did not visit the issue of whether timely written consents are required.[16] It reasons that courts support a strict adherence to the procedural guidelines to uphold sound judicial policy.[17] The *Michaels* court suggests that the guidelines prevent one party, through counsel, "to bind or represent the position of other parties without their express consent to be so bound . . . ."[18] It held that "[b]arring extraordinary circumstances, this court is not inclined to expand the thirty-day time limitation or permit amendments to a notice of removal after the thirty days have run."[19] More recently, in its analysis of the 28 U.S.C. § 1446(a) and (b), the court in *Wal-Mart Stores, Inc. v. Electric Insurance Co.* held similarly.[20] It agrees with the majority view that federal courts are courts of limited jurisdiction, and that removal statutes should be

---

[15] *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).

[16] *Siebert v. Norwest Bank MN*, 2006 WL 279236 *2 n.2 (3d Cir. Feb. 7, 2006) ("At least two District of New Jersey cases do hold that timely written consents are required. E.g., *Michaels v. New Jersey*, 955 F. Supp. 315 (D.N.J. 1996). However, the Third Circuit has not visited the issue, and it is the subject of some disagreement among federal courts nationwide.").

[17] *Id.*

[18] *Michaels v. New Jersey*, 955 F. Supp. 315, 321 (D.N.J. 1996).

[19] *Id.*

[20] *Wal-Mart Stores, Inc. v. Electric Insurance Co.*, 2007 WL 137238 *3 (D.N.J. Jan. 18, 2007) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

strictly construed, giving deference to a plaintiff's choice of a state forum.[21] Finally, in *Lewis v. Comfort Inn-Philadelphia Airport*, the court comments that "there is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures," because removal is purely a statutory right, and therefore, should be "strictly construed in favor of state court jurisdiction."[22] This court agrees with that view.

Alarm One relies exclusively on *Watkins v. New Castle County* to support its argument against remand.[23] In *Watkins*, in a single paragraph opinion, the court notes that the only basis for remand was that one of three defendants requested removal. In that case, defendants concurred to removal through affidavits; however, there was no indication whether the statutory time limit was met or in issue.

Alarm One reasons that the court should first address the jurisdictional issue prior to the motion to remand and relies exclusively on *Town of South Bethany v. Cat Hill Water Co., Ltd.*[24] In that case, the defendant/third party-plaintiff admitted that its third-party complaint, which lead to the removal of the matter to federal court by the third-party defendants, did not meet the requisites of Fed. R. Civ. P. 14(a) and Superior Court Civil Rule 13(h) and did not oppose the third-party defendants' motion to

---

[21] *Id.*; *see, e.g., Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir. 2003); *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997).

[22] 2007 WL 1975003, *1 (E.D. Pa. June 29, 2007).

[23] 2004 WL 396296, *1 (D. Del. Mar. 2, 2004).

[24] 1994 WL 234177, *1 (Del. Super. May 12, 1994).

dismiss.[25] The district court granted the uncontested motion to dismiss and then remanded the case to the state court.[26] In the instant matter, dismissal is contested, and if granted, it would render the issue of remand moot. Further, there are no procedural defects alleged or admitted. Courts in this circuit deny as moot motions to dismiss when a plaintiff successfully moves for remand or stays such motions until resolution of a motion to remand.[27]

Alarm One implies that because Maltby is the sole shareholder in Alarm One, that he, by default, knew of and agreed to the removal. At issue is not whether Maltby was aware, but whether he consented in a legally sufficient manner to the notice of removal filed by Alarm One. His affidavit was filed forty-eight days after notice of removal by Alarm One, and therefore, removal to this court was defective because it lacked unanimity of consent as required under 28 U.S.C. § 1446(a). Alarm One argues that Maltby's affidavit is actual notice of prior consent, but an affidavit filed after the thirty day statutory period cannot cure a defect in the original petition.[28]

Security Networks' claims are based on a breach of the APA. Under section 8.6, the APA is governed by, construed and enforced in accordance with the laws of the

---

[25] *Id.*

[26] *Id.* ("The District Court never considered or addressed the merits of the third-party complaint; it addressed only a procedural issue.").

[27] *See, e.g. Shamrock Holdings of Calif. v. Arenson*, 2005 WL 400198 (D. Del. Jan. 27, 2005); *Fort James Corp. v. Beck*, 2003 WL 345350 (D. Del. Feb. 12, 2003); *McKenna v. NCL America Inc.*, 2005 WL 2839931 (D. Del. Oct. 28, 2005); *Chrustowski v. Cumberland County Guidance Center*, 2006 WL 3780555 (D.N.J. Dec. 20, 2006); *Sovereign Bank v. Park Development West, LLC*, 2006 WL 2433465 (E.D. Pa. Aug. 17, 2006).

[28] *See Gratz v. Murchison*, 130 F. Supp. 709 (D. Del. 1955).

State of Delaware. A federal question is not at issue. In addition, remand of the case will not entail a significant waste of judicial resources since proceedings on the merits have not yet taken place.[29] Since federal district courts are of limited jurisdiction and this matter pertains exclusively to Delaware state law, this matter should be remanded to the Court of Chancery.[30]

Finally, Security Networks requests that the court order Alarm One to pay all costs to prosecute its motion to remand. Whether to award a plaintiff attorney's fees and costs incurred as a result of removal is a matter within the discretion of the court.[31] "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[32] Courts limit the award of attorney's fees and costs to where nonremovability is obvious or where a defendant did not act in good faith.[33] In its motion to remand, Security Networks does not cite any underlying facts to support its request. None of the justifications for an award of fees and costs mentioned herein are present. Accordingly, Security Networks request for attorney's fees and costs is denied.

---

[29] See Yellow Cab Co. of Pittsburgh v. Gasper, 994 F. Supp. 344, 349 (W.D. Pa. 1998).

[30] See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).

[31] See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (U.S. 2005).

[32] Id. at 136.

[33] See, e.g. Landman v. Borough of Bristol, 896 F. Supp. 406, 409-10 (E.D. Pa.1995).

## 6. CONCLUSION

For the reasons contained herein, Security Networks' motion to remand (D.I. 11) is GRANTED and its demand for attorneys' fees and costs is DENIED. Alarm One and Maltby's motions to dismiss (D.I. 3 and D.I. 9) are DENIED AS MOOT.

September 25, 2007  
Wilmington, Delaware

Honorable Mary Pat Thynge  
U.S. Magistrate Judge